A. B. C. NEEDLECRAFT CO.,
Inc., Plaintiff,

v.

DUN & BRADSTREET, Inc., and Sigmund Heftman, Defendants.

United States District Court
S. D. New York.
July 27, 1956.

Joseph R. Apfel, New York City, for plaintiff.

White & Case, New York City, for defendants.

REEVES, District Judge.

The defendant, Dun & Bradstreet, Mo., has assigned and vigorously urges many reasons why the verdict in the above cause should be set aside and a new trial granted.

The action is one for libel claimed to have occurred late in the year 1950. A credit report issued by the defendant stated that the plaintiff corporation had been dissolved and its affairs fully liquidated. This was an admitted error, and a few days thereafter the defendant acknowledged the error and issued a corrected statement to its subscribers. In the meantime, and afterwards, plaintiff claimed that it suffered the ill effects of the erroneous credit report.

The suit was originally brought in a state court and Sigmund Heftman, a local resident, was joined as a party defendant. With proper allegations establishing the jurisdiction of the national court, the defendant, Dun & Bradstreet, Inc., caused a removal of the case.

At the beginning of the trial the court questioned the jurisdiction of the court over said Heftman and indicated that a dismissal would be ordered as to him. Since there was a distinct separable controversy, the order of dismissal was not at once made, to the end that the said Heftman might be held for the convenience of the parties in using him as a witness. At the proper time an order of dismissal was made as to the defendant Heftman, with the full approval of the plaintiff and at the request of its counsel. Counsel for the defendant made no objection to the order.

After the verdict the defendant, Dun & Bradstreet, Inc., in its motion for a new trial, challenged the jurisdiction of the court because of an alleged lack of diversity of citizenship. It assigned in its motion many other reasons why a new

trial should be granted. These will be noted and briefly discussed.

■ 1. Quite clearly under all of the authorities the court was vested with jurisdiction in this controversy. The defendant Heftman was not an indispensable party, and, moreover, averments of the complaint set up a different and distinct cause of action from that averred against the defendant Dun & Bradstreet, Inc. It was permissible, even if a joint cause of action had been averred, to dismiss as to the local defendant so as to perfect the jurisdiction of the court. Citation of authorities is unnecessary.

2. The complaint is made by the moving defendant that prejudicial testimony was admitted in the course of the trial. Since the credit report was admittedly false, it was difficult to determine in the course of the trial what damages accrued to plaintiff through defendant's subscribers and others who were nonsubscribers. The evidence was vague on the subject and the court, at the conclusion of the evidence, and after summation, carefully instructed the jury that the defendant would not be liable for publication of its false report by its subscribers or other persons not authorized by the defendant.

■ In view of the entire evidence and the charge of the court the defendant was not prejudiced in the admission of testimony.

3. The defendant also complains that "there was error in the introduction of hearsay testimony concerning the effect of the report that plaintiff was liquidated."

■ Much of this reflected the mental attitude of plaintiff's patrons and customers, and such was factual rather than mere hearsay. Such testimony was competent.

■ 4. The complaint is also made against the summation to the jury by counsel for plaintiff. It is asserted that "it contained numerous misstatements of the applicable law." While it does not appear that learned counsel for the plaintiff made any prejudicial misstatements of the law, yet the court carefully instructed the jury on the law of the case and there could have been no harmful effect arising from the summation of counsel.

5. The defendant challenges the charge of the court as an incorrect statement of the applicable principles of law. Defendant makes objection as to statements of the court favorable to it. An examination of the entire charge would indicate that the law was properly stated to the jury.

6. The last complaint is that: "There was prejudicial error because the court did not comply with Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and inform counsel of its proposed action with reference to the requests to charge prior to summation." The record probably shows, or should show, that counsel for the defendant did not present his request until the time of argument and summation. These requests were twenty-three in number and no suggestion was made as to what action the court would take on such requests.

■ Probably all of them were covered in the charge and at the conclusion of the charge counsel on both sides were invited to make suggestions as to any omissions in the charge. Moreover, the issue was a very simple one and that was, whether the defendant had recklessly issued a false and libelous credit statement.

A careful examination of the record and the briefs of the parties does not disclose any sound reason why a new trial should be granted. Accordingly, the motion therefor will be overruled, and it will be so ordered.