**James H. GORHAM, d/b/a Nestor Records, Plaintiff,**

v.

**Raymond EDWARDS, Earl Beal, Richard Lewis and William Horton, formerly known as "The Thunderbirds" now known as "The Silhouettes" and Broadcast Music, Inc., Kae Williams, Al Silver d/b/a Ember Records, Defendants.**

United States District Court
S. D. New York.
April 11, 1958.

Jawn A. Sandifer, New York City, for plaintiff.

M. Warren Troob, New York City, for defendants.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff moves for an injunction pendente lite in this action for a permanent injunction and for an accounting and for damages.

Plaintiff is a producer and distributor of records. Defendants Edwards, Beal, Lewis and Horton are a quartet of vocalists who, plaintiff claims, entered into an agreement with him giving him the exclusive right to record and publish all songs sung by the quartet for a period of one year, with options of renewal. Defendant Williams is the manager of the quartet with whom it is claimed the

quartet entered into a second agreement for the recording and publishing of their songs in violation of the first agreement. Defendant Silver, doing business as Ember Records, is a producer and distributor of records who is claimed to have produced and distributed records of the quartet's songs, and particularly the hit tune "Get A Job", made under their agreement with defendant Williams. Defendant Broadcast Music, Inc., licenses public performances of musical compositions, principally on radio and television, and collects and distributes royalties from such performances and is claimed to have accumulated large royalties arising from the recording by the defendant quartet of "Get A Job" under its agreement with defendant Williams to a share of which plaintiff alleges he is entitled under his agreement with the quartet.

Jurisdiction as alleged in the complaint is based solely on diversity of citizenship. The complaint alleges that plaintiff is a citizen and resident of Pennsylvania; that defendants Beal, Lewis, Edwards, Horton and Williams are also residents of Pennsylvania; that defendant Broadcast Music, Inc. is a New York corporation, and that defendant Silver, doing business as Ember Records, is a resident of New York.

All the defendants except Williams have been served with the summons and complaint and with an order to show cause on this motion for a preliminary injunction to restrain them, pending the determination of this action, from interfering with plaintiff's contract rights, and from paying out any royalties or profits derived from the recording of the hit tune "Get A Job" recorded by the defendant quartet, or any other tunes so recorded.

The allegations of the complaint may be summarized as follows:

The defendant quartet entered into the agreement which forms the basis for plaintiff's claim that he had the exclusive right to record and publish on July 22, 1957, and made recordings for the plaintiff thereunder, particularly of the hit tune "Get A Job". Thereafter the defendant quartet attempted to cancel the agreement, in violation of its terms, and entered into the second publishing and recording agreement with defendant Williams. Williams made a second master tape of the song "Get A Job". Some million copies of this recording were sold and distributed by defendant Ember Records, with knowledge on the part of both Williams and Ember of the defendant quartet's prior agreement with plaintiff. Ember is about to release other tunes recorded by the quartet and has paid Williams over $10,000 under his recording and publishing agreement. Defendant Broadcast has accumulated royalties and profits from the second recording of "Get A Job" of more than $100,000 and will continue to collect further royalties and profits thereon in which plaintiff is entitled to share and which Broadcast has refused to pay over to him.

Judgment is sought (1) against defendant quartet, declaring that they have broken their contract with the plaintiff, and for the amounts due to plaintiff thereunder, (2) against all the other defendants for a permanent injunction restraining them from interfering with plaintiff's contract rights, and from paying out royalties and profits from the second recording of "Get A Job", or any other tunes recorded by defendant quartet, (3) for a direction that defendants account for and pay over to plaintiff all royalties and other monies to which plaintiff is entitled under his agreement, and (4) for damages in the sum of $100,000 against all of the defendants.

The first objection raised by the defendants to the motion is that it appears from the face of the complaint that the court has no jurisdiction over the action because there is no diversity of citizenship under 28 U.S.C. § 1332(a). If this objection is well taken the court plainly has no power to grant the relief sought and the motion must be denied.

Jurisdiction of the Federal Court must be affirmatively shown by the plaintiff and the requisite citizenship of the parties to give the court jurisdic-

tion must be alleged in the complaint. Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U.S. 413, 420, 31 S.Ct. 460, 55 L.Ed. 521; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699.

■ The complaint now before me alleges that the plaintiff is a citizen and resident of Pennsylvania and that five of the seven defendants are residents of that State. Upon this allegation of residence these five defendants can be presumed to be also citizens of Pennsylvania. Maple Island Farm, Inc., v. Bitterling, 8 Cir., 196 F.2d 55, certiorari denied 344 U.S. 832, 73 S.Ct. 40, 97 L. Ed. 648; Kern v. Standard Oil Co., supra.

■ The jurisdictional requirement of diversity of citizenship under 28 U.S. C. § 1332(a) is not met if the plaintiff is a citizen and resident of the same State as any of the defendants. Strawbridge v. Curtiss, 3 Cranch. 267, 2 L.Ed. 435; City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. Thus, since it appears from the face of the complaint that five of the defendants are citizens and residents of the same State as the plaintiff, the necessary diversity of citizenship to establish the jurisdiction of this court is lacking.

This in itself requires the denial of the motion since the court is without power to proceed with the action.

■ But the court must go further. Since it appears that there is no jurisdiction, the court must dismiss the action on its own motion even though there is no motion before it to dismiss on that ground. Rule 12(h), F.R.C.P., 28 U.S. C.; Torquay Corp. v. Radio Corp. of America, D.C.S.D.N.Y., 2 F.Supp. 841; Carroll v. Warner Bros. Pictures, D.C. S.D.N.Y., 20 F.Supp. 405.

■ It is true that under appropriate circumstances a jurisdictional defect arising from lack of diversity may be cured by the dismissal of the action as to the parties who are citizens and residents of the same State as the plaintiff, and the severance of the action as to the remaining defendants. Genovese v. Skol Co., D.C.S.D.N.Y., 73 F.Supp. 423; Kassner v. United States Pictures, D.C.S.D.N.Y., 82 F.Supp. 633; A.B.C. Needlecraft Co. v. Dun & Bradstreet, Inc., D.C.S.D.N.Y., 143 F.Supp. 686, reversed on other grounds 2 Cir., 245 F.2d 775. See Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690. However, that cannot be done here. Under the allegations of this complaint seeking to affirm the alleged exclusive agreement between plaintiff and defendant quartet, to restrain interference with that contract and the payment of monies due under a second agreement entered into by defendant quartet with other defendants and for an accounting, it is plain that the defendant quartet, who are citizens and residents of the same State as plaintiff, are indispensable parties to the action. Relief could not be effected in the absence of these defendants without adversely affecting their rights and without leaving the action in a state which would be inconsistent with equity and good conscience. The action therefore cannot proceed without them. Baltimore & Ohio R. Co. v. City of Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834; Rader v. Manufacturers Casualty Ins. Co. of Philadelphia, 2 Cir., 242 F.2d 419; Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, certiorari denied 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151; Fitzgerald v. Jandreau, D.C.S.D.N.Y., 16 F.R.D. 578. See, also, State of Washington v. United States, 9 Cir., 87 F.2d 421, 427; Photometric Products Corp. v. Radtke, D.C.S.D.N.Y., 17 F.R.D. 103.

■ For the same reasons defendant Williams, likewise a citizen and resident of Pennsylvania, is also an indispensable party and, though he has not been served, the action could not proceed without his presence.

While it is not beyond the bounds of possibility that there could be culled from the intermingled allegations of the complaint some claim for relief against the defendants who are New York citizens and residents which would be sever-

**932**

able from claims against the other defendants, and upon which they would not be indispensable parties, it is impossible to unscramble the pleading as it now stands. In the present posture of the action the defendants whose presence in the action destroys diversity jurisdiction must be treated as indispensable parties for all purposes and there can be no dismissal as to them alone and severance as to the other defendants. Therefore, the complaint must be dismissed as to all the defendants for want of jurisdiction.

However, in order to afford the plaintiff an opportunity to cure the jurisdictional defects, if he can do so, he will be given leave to serve an amended complaint within thirty days after the entry of the order on this motion.

Settle order on notice.