James H. GORHAM, d/b/a Nestor Records, Plaintiff,

v.

Raymond EDWARDS, Earl Beal, Richard Lewis and William Horton, formerly known as "The Thunderbirds" now known as "The Silhouettes" and Broadcast Music, Inc., Kae Williams, Al Silver d/b/a Ember Records, Defendants.

United States District Court
S. D. New York.

Aug. 29, 1958.

Abner Greenberg, New York City, for plaintiff.

M. Warren Troob, New York City, for defendants.

PALMIERI, District Judge.

On March 6, 1958, plaintiff filed his complaint, alleging that he and defendant members of a vocal quartet had entered into an agreement, pursuant to which he was to have exclusive rights to publish and record all songs sung by the quartet; and pursuant to which he was to receive royalty payments. Plaintiff cut a master tape of a song called "Get a Job" as sung by the quartet. Thereafter, the agreement between the parties was purportedly cancelled on behalf of the quartet. It was alleged that the quartet then entered into a second contract, with another of the defendants, assigning to that defendant exclusive rights to publish the song, "Get a Job;" and that they re-recorded the song. It was further alleged that another defendant manufactured, sold, and distributed the second recording, and that further recordings by the quartet were contemplated. Finally, the complaint alleged that royalties had been collected by the defendants for the publication and radio and television performances of "Get a Job." A declaration that the quartet had breached its contract with plaintiff was sought, in addition to damages and an injunction restraining defendants from interfering with plaintiff's contractual rights, and from paying over any royalties accumulated from performances of songs sung by the quartet, including "Get a Job." An accounting of profits was also demanded. Jurisdiction in this Court was allegedly based on the diverse citizenship of the parties. 28 U.S.C. § 1332(a) (1) (1952).

In an opinion dated April 11, 1958, Judge Bryan dismissed the complaint for lack of jurisdiction. Plaintiff and defendant members of the quartet and the person with whom the second contract had been made (also a defendant) were all deemed to be citizens of the same State, Pennsylvania;[1] and these defendants were held to be indispensable parties to the action. Gorham v. Edwards, D.C.S.D.N.Y.1958, 160 F.Supp. 928. Leave to file an amended complaint "to cure the jurisdictional defects," was granted. 160 F.Supp. at page 932.

On July 23, 1958 an amended complaint was filed. This complaint alleges that one of the members of the quartet wrote the song, "Get a Job," and that in consideration of plaintiff's promise to record the song, the song was sold to plaintiff, including the right to secure a copyright thereon. The complaint then alleges that plaintiff and the quartet entered into a contract covering their services as singers; that plaintiff recorded the song, "Get a Job;" that it was re-recorded by the other defendants; and that Ulysses & Bagby (a music publishing firm) has received a certificate of copyright covering "Get a Job." It is then alleged that the song has been published by defendants, in both record and printed form; that licenses have been issued to others to reproduce the song; and that royalties are owing to the defendants under these licenses. Plaintiff seeks a declaration that he is

1. The complaint had alleged that these defendants were "residents" of Pennsylvania. On the basis of the authorities he cited, Judge Bryan held that, for the purpose of testing the jurisdiction of the Court, they could also be presumed to be citizens of that State. Gorham v. Edwards, D.C.S.D.N.Y.1958, 160 F.Supp. 928, 931.

the owner of the copyright and a direction to the Register of Copyrights to indicate that fact on his records. An injunction, restraining defendants from printing, manufacturing, selling, or licensing the song, and from infringing plaintiff's "copyright,"[2] is sought. Finally, an accounting and damages, computed as provided by the copyright laws, is sought.

Defendants move for an order dismissing the complaint for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b) (1), 28 U.S.C. Plaintiff moves for an order permitting him to add certain parties as defendants.[3] Jurisdiction, in the amended complaint, is alleged again on grounds of diverse citizenship and "upon the ground that the Copyright Act of the United States of 1909, as amended [17 U.S.C. § 1 et seq.], is directly involved in this action, [and] upon the ground that the matters and things in controversy embody and include plaintiff's copyright in a work protected under the Copyright Laws of the United States."

■ No allegation is made as to the citizenship of the five defendants whose citizenship was the basis of Judge Bryan's order of dismissal,[4] and who are still named as defendants in the new complaint. This, in itself, would be sufficient to defeat the claim of diversity jurisdiction, for the facts showing diversity jurisdiction must be alleged in the complaint. McNutt v. General Motors Acceptance Corp. of Indiana, 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. In any event, it is defendants' citizenship at the time suit was commenced that is vital. Mollan v. Torrance,

1824, 9 Wheat. 537, 6 L.Ed. 154. Judge Bryan has already determined that plaintiff and the members of the quartet were, then, citizens of Pennsylvania.[5] The amended complaint alleges a contract under which one of the members of the quartet sold plaintiff the right to secure the copyright on the song, "Get a Job." That member of the quartet is, under the new complaint, an indispensable party;[6] and since he and the plaintiff are both citizens of Pennsylvania, diversity jurisdiction is not present. Strawbridge v. Curtiss, 1805, 3 Cranch 267, 2 L.Ed. 435.

■ This Court does not have jurisdiction, as plaintiff suggests, over cases in which the copyright laws are "involved," or over controversies about copyrighted material. Wells v. Universal Pictures Co., 2 Cir., 1948, 166 F.2d 690, 691. Jurisdiction would be present if this case were one *"arising under* any Act of Congress relating to * * * copyrights * * *."" 28 U.S.C. § 1338 (a) (1952). (Emphasis added.) "[I]t is necessary to distinguish between the copyright and a contract of which the copyright is the subject-matter. If the suit is one brought to enforce a right based upon a contract which relates to a copyrighted production, the suit is one which arises out of the contract, and is not one arising under the copyright statute, and the federal courts are without jurisdiction." Danks v. Gordon, 2 Cir., 1921, 272 F. 821, 827. This case does not "arise under" the copyright laws, for plaintiff's success depends, not on any provision of those laws, but on his rights under the contract between himself and one of the members of the quartet.

2. The complaint nowhere alleges that plaintiff ever secured a statutory copyright on the song.

3. For the purpose of determining defendants' motion, I will assume that plaintiff's motion has been granted.

4. The amended complaint does allege, however, that the person with whom the quartet made its second contract is engaged, with another, in the music publishing business with offices in New York.

5. Plaintiff does not dispute that the members of the quartet are citizens of Pennsylvania. He suggests that they be realigned in this action as parties-plaintiff. There is no basis for this suggestion. Smith v. Sperling, 1957, 354 U.S. 91, 97, 77 S.Ct. 1112, 1 L.Ed.2d 1205.

6. See Judge Bryan's opinion, 160 F.Supp. 928, at page 931.

784

"[T]he fact that a * * * copyright is incidentally involved does not give federal jurisdiction." Wells v. Universal Pictures Co., supra, 166 F.2d at page 691 (footnote omitted). The issue presented by this suit is one of title to the copyright. Resolution of this question depends on the rules of the common law, and the interpretation of plaintiff's contract, and not on any statute of the United States. Accordingly, this Court is not vested with jurisdiction over this suit under 28 U.S.C. § 1338(a) (1952). Wells v. Universal Pictures Co., supra; Carl Laemmle Music Co. v. Stern, 2 Cir., 1914, 219 F. 534; Hoyt v. Bates, C.C.D. Mass.1897, 81 F. 641, 645. Cf. Sachs v. Cluett, Peabody & Co., D.C.S.D.N.Y. 1950, 91 F.Supp. 37.

 Plaintiff suggests that he be considered the equitable owner of the copyright; and that the defendant holder of the copyright be considered a trustee *ex maleficio.* Cohan v. Richmond, 2 Cir., 1936, 86 F.2d 680; and Wooster v. Crane & Co., 8 Cir., 1906, 147 F. 515, are cited in support of this proposition. In Cohan, plaintiff, the author of the copyrighted material, was considered to be the equitable owner of the copyright because the copyright had, allegedly, been secured by another on plaintiff's behalf. Here, however, plaintiff is not the author of the copyrighted material, and there is no allegation that the copyright was secured on his behalf; indeed, the allegation is that it was secured in violation of his rights. In the Wooster case the plaintiff was considered to be the equitable owner of the copyright because the legal owner of it had assigned the rights under it to the plaintiff. As the Court in Wooster pointed out, "[t]he contract is set forth for the purpose of showing the complainant's title, and not as the basis or foundation of the suit." 147 F. at page 516. Here, of course, plaintiff does not allege that the contract assigned rights in copyrighted material, but only that it gave him the right to secure a copyright. The contract, therefore, does not show plaintiff's title to the copyright, as did the Wooster contract; it is, as the

Wooster contract was not, the basis for his claim against the defendants. To extend the equitable ownership doctrine to this case would, through the device of a legal fiction, vest the federal courts with jurisdiction over suits to determine title to a copyright, where that question depends on the interpretation of a contract. That would be contrary to the teachings of the Wells, Laemmle, and Hoyt cases, supra.

Plaintiff having availed himself of the opportunity extended by Judge Bryan to cure the jurisdictional defect, and it now clearly appearing that plaintiff's success in this suit depends on the contract or contracts entered into between him and the defendants, and not on any federal law; and there being no diversity jurisdiction, defendant's motion for an order dismissing the complaint for want of jurisdiction is granted. Plaintiff's motion for permission to add certain parties as defendants is denied as moot.

So ordered.