Howard WORTH, et al., Plaintiffs,

v.

UNIVERSAL PICTURES, INC., Defendant.

No. CV 97-1410 LGB (JGX).

United States District Court, C.D. California.

Oct. 23, 1997.

---

Brian C. Lysaght, Brian D. Hershman, Edward A. Klein, O'Neill Lysaght & Sun, Santa Monica, CA, Sam Perlmutter, Sharon Hotchkiss, Sam Perlmutter Law Offices, Los Angeles, CA, for Plaintiffs.

Gail Migdal Title, Jeffrey Ian Abrams, Eoin L. Kreditor, Katten Muchin & Zavis, Los Angeles, CA, for Defendant.

## I. INTRODUCTION

BAIRD, District Judge.

Pursuant to Federal Rule of Civil Procedure 78 and Central District of California Local Civil Rule 7.11, the Court dispensed with oral argument on Plaintiff's Motion to Remand and took it under submission. Having reviewed all pertinent papers on file and for the reasons set forth below, the Court hereby DENIES Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiffs Howard Worth and Tony Anthony ("Plaintiffs") bring this claim against Universal Pictures[1] a division of Universal Studios, Inc.; f/k/a MCA, Inc.; and Does 1 through 30 for the unauthorized use of Plaintiffs' movie screenplay entitled "The Tunnel". Plaintiffs allege that Anthony conceived the idea for "The Tunnel" beginning in 1972. In 1989, Anthony joined with Worth and began to revise and modernize the original screenplay. (Compl. ¶ 2.) In 1981, Anthony registered his script of "The Tunnel" with the Writers Guild of America and the revised version in 1991. From 1972 through 1978,

Plaintiffs submitted the script to various studios and agencies, one of which was Universal Pictures. (Compl. ¶¶ 8–9.) Plaintiffs allege that Defendants stole their idea for the screenplay since an almost identical movie entitled "Daylight" was produced and released by Defendants in 1996. (Compl. ¶ 3.)

## III. PROCEDURAL BACKGROUND

Plaintiffs filed suit in the Los Angeles Superior Court on January 28, 1997. Plaintiffs allege four causes of action for: (1) breach of implied contract; (2) intentional interference with prospective economic advantage; (3) conversion; and (4) accounting. Defendants filed a timely Notice of Removal on March 4, 1997. Plaintiffs filed a Motion to Remand on September 9, 1997. Defendants filed their Opposition to the Motion to Remand on October 14, 1997. Plaintiffs filed their reply on October 20, 1997. A hearing was set for October 27, 1997, but by Minute Order dated October 21, 1997, the Court dispensed with oral argument and took Plaintiffs' Motion under submission.

## IV. JURISDICTIONAL ALLEGATIONS

### A. Basis for Original Jurisdiction

Since there is not complete diversity, removal is proper only if the District Court has original jurisdiction over the action founded upon a federal question. Defendants contend that Plaintiffs' action, although pled under the rubric of state law, is in reality an action for copyright infringement and is thus governed exclusively by federal law.

Title 28 U.S.C. § 1338(a) provides, in pertinent part, for original and exclusive federal district court jurisdiction over any civil action arising from an act of Congress relating to copyrights. Defendant alleges that this action arises under the federal Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act"). The Copyright Act expressly provides for exclusive federal jurisdiction over any action for copyright infringement. Federal copyright law grants the owner of a copyright exclusive rights over: (1) reproduction; (2) preparation of derivative works; (3) distribution of copies; (4) performance; or (5)

---

1. Plaintiffs' erroneously sued Universal City Stu- dios, Inc. as Universal Pictures, Inc.

display of the copyrighted work. 17 U.S.C. § 106.

Defendants contend that Plaintiffs' claims are, in essence, for allegedly wrongful publication in derogation of Plaintiffs' purported copyright interest in "The Tunnel." (Notice of Removal ¶ 5.d.) Defendants also contend, that, to the degree some of the claims do not fall under the Act, the doctrine of supplemental jurisdiction allows these claims to be properly removed to federal court as well. (Notice of Removal ¶ 6.) In the alternative, Defendants maintain that any claim that is not preempted may be removed pursuant to 28 U.S.C. § 1441(c). Section 1441(c) provides that, where a non-removable claim is joined with claims that arise under federal law, the entire case may be removed subject to the court's discretion. 28 U.S.C. § 1441(c).

## B. Federal Preemption

Plaintiff's Complaint outlines four state law claims for relief. In order to remove this action, federal law must be found to so fully preempt the state law claims that they are actually considered federal claims. The Court determines whether or not preemption applies to the state law claims by discerning Congressional intent. Schwarzer et al., *Federal Civil Procedure Before Trial* 2A–15 (1997) [hereinafter "Schwarzer"].

There are three basic types of preemption. These are: (1) express preemption; (2) field (or implied) preemption; and (3) conflict preemption. See *English v. General Elec. Co.*, 496 U.S. 72, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990); *California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987).

Express preemption occurs when Congress has expressly stated its intent to supersede state law. This often requires an inquiry into statutory construction. See *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 95–98, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). (The Employee Retirement Income Security Act ("ERISA") expressly preempted all state laws relating to employee benefit plans.)

Implied or field preemption is present when federal law regulates an area that Congress intended to be exclusively occupied by the federal government. When federal legislation is comprehensive, then it is assumed that the area is preempted. *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Develop. Comm'n*, 461 U.S. 190, 204, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983); *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 403–406, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (Section 301 of the Labor Management Relations Act ("LMRA") allows suits relating to violations of collective bargaining agreements to be brought in any district court. This has been construed to preempt state law on claims that require interpretation of collective bargaining agreements.)

Finally, conflict preemption occurs when a state law conflicts with federal statutes or the Constitution. When a party is unable to comply with both federal and state law, conflict preemption requires that the federal law supersede the state law. *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct. 1103, 1105, 134 L.Ed.2d 237 (1996). (Federal law requiring national banks to sell insurance while state law prohibited such sales.)

## C. Preemption as a Basis for Removal

Preemption can be categorized as either defensive or complete. Defensive preemption is brought as an affirmative defense to a state claim. The party asserts that federal law "blots out" the state law claim. Schwarzer at 2A–23. However, defensive preemption does not create federal subject matter jurisdiction, and can only support dismissal of the action by the state court, not removal. Once a determination is made that a state claim is preempted by federal law, state courts ordinarily still maintain concurrent jurisdiction. The only difference is that state courts are now required to apply the applicable federal law to the claim. Schwarzer at 2A–23, 2A–24.

Complete preemption, on the other hand, allows a claim to be removed and adjudicated in federal court. Removal is proper over preempted claims in which " 'Congress clearly manifested an intent to convert state law claims into federal-question-claims.' "

Schwarzer at 2A–24, citing *Holman v. Laulo–Rowe* 994 F.2d 666, 668 (9th Cir.1993). This occurs only in the rare situations when federal law so completely preempts state claims that the state claims must be recharacterized as federal law. This only happens in rare instances since this runs counter to the "well-pleaded complaint rule" which provides Plaintiffs the ability to formulate their own claim. See *Caterpillar v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, the court can recharacterize a Plaintiff's claim only when absolutely necessary. Schwarzer at 2A–24.

Complete preemption has been found for claims brought under the Copyright Act. 17 U.S.C. § 301(a); *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225, 232 (4th Cir.1993). Removal of a preempted federal copyright claim was also held to be proper in *Dielsi v. Falk,* 916 F.Supp. 985 (C.D.Cal.1996). In *Dielsi,* the Court found that the Copyright Act so completely preempted Plaintiffs' state law claim for conversion that removal was required. Judge Collins stated that § 301(a) has "clearly indicated that state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law ... should be litigated *only* as federal copyright claims." *Id.* 916 F.Supp. at 993 (quoting *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d at 232.) (emphasis added).

█ In determining Congressional intent, this Court finds two reasons to favor completely preempting and removing equivalent state law copyright claims. First, Congress expressly stated that "the declaration of [federal preemption] is intended to be stated in the clearest and most unequivocal language possible ... to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively...." 17 U.S.C. § 301; .H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976). This broad grant of preemption demonstrates Congress' aim of avoiding "any vague borderline areas between State and Federal protection." *Id.* Secondly, 28 U.S.C. § 1338(a) states that district courts shall have exclusive jurisdiction with regard to copyright cases. 28 U.S.C.

§ 1338(a). The use of the word "exclusive" lends itself in favor of an interpretation favoring removal of equivalent state copyright claims so that they may be litigated in federal court. This grant of exclusive jurisdiction combined with the broad Congressional grant of copyright preemption under 17 U.S.C. § 301 favors complete preemption and removal of equivalent state copyright claims. Therefore, the Court must next determine whether the state law claims asserted by Plaintiffs here are preempted by the Copyright Act.

### D. Copyright Preemption

█ Since Plaintiff's state law claims have not been expressly preempted, the Court must determine whether they have been implicitly preempted by the Federal Copyright Act. The test for determining when Federal copyright law preempts state law is whether: (1) the work on which the state claim is based is within the subject matter of copyright; and (2) the state cause of action protects rights that are qualitatively equivalent to copyright protection. 17 U.S.C. § 301(b)(1) and (3); *Del Madera Properties v. Rhodes and Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir.1987); *Dielsi v. Falk,* 916 F.Supp. 985, 990 (C.D.Cal.1996); *Trenton v. Infinity Broadcasting Corp.,* 865 F.Supp. 1416, 1427–28 (C.D.Cal.1994). The second prong of the copyright preemption test often focuses on whether or not the state claim requires an additional element that is not encompassed within the Act. *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225, 230 (4th Cir.1993) (citing *Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523, 1535 (S.D.N.Y.1985)).

### 1. First Cause of Action: Breach of Implied Contract

█ Plaintiffs allege that their breach of implied contract (or breach of an implied-in-fact contract) claim is not preempted since different elements are required to prove this cause of action than to prove an action for copyright infringement. One must show, in order to prove a breach of an implied contract claim: (1) that he or she prepared the work; (2) that he or she disclosed the work

to the offeree for sale; (3) under all circumstances attending disclosure concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered; and (4) knew of the reasonable value of the work. *Faris v. Enberg,* 97 Cal. App.3d 309, 318, 158 Cal.Rptr. 704 (1979).

■ However, a breach of an implied contract is a species of quasi contract and is to be deemed an "equivalent right" for determining preemption. Nimmer and Nimmer, *Nimmer on Copyright* § 1.01[B][1][g] 1–34 (1997) (hereinafter "Nimmer"). This type of contract is preempted insofar as it relates to the copyrighted material.

■ Plaintiffs allege a breach of an implied contract based on the meetings and discussions between themselves and Defendants aimed at furthering their efforts to market their screenplay. Such discussions related solely to the possibility of purchasing Plaintiffs' screenplay. Movie screenplays, the subject matter at issue, are encompassed within federal copyright law.

Therefore, Plaintiffs' cause of action for breach of implied contract is preempted.

### 2. Second Cause of Action: Intentional Interference With Prospective Economic Advantage

■ A claim for intentional interference with prospective economic advantage requires a showing that, "one who, without a privilege to do so, induces or otherwise purposely causes a third person not to: (a) perform a contract with another; or (b) enter into or continue a business relation with another...." *Worldwide Commerce, Inc. v. Fruehauf Corp.,* 84 Cal.App.3d 805, 808 (1970). A claim for intentional interference with prospective economic advantage requires a showing of knowledge or intent on the part of the Defendant that is not present in the federal copyright law. Plaintiff is required to plead and prove intentional acts by Defendant that were designed to disrupt the business relationship with the third party. *Summit Mach. Tool Mfg. v. Victor CNC Systems,* 7 F.3d 1434, 1442 (9th Cir.1993).

■ Plaintiffs claim that this additional element of intent, that is not in the federal act, prevents federal preemption over this cause of action. (Mot. to Remand Section IV, Subsection B(2), lines 1–3.) However, "the mere fact that a state law requires scienter as a condition to liability, whereas the Copyright Act does not, cannot save the state law from preemption." Nimmer at 1–14; *Rosciszewski v. Arete Associates, Inc.* 1 F.3d at 230. The additional element of "awareness or intent may alter the scope of the action but not its nature." *Motown Record Corp. v. George A. Hormel & Co.* 657 F.Supp. 1236, 1240 (C.D.Cal.1987) (Intentional interference with prospective business advantage claim is subsumed within Copyright Act.). This claim is directly related to copyright infringement, the subject area of the Copyright Act.

Therefore, Plaintiffs' claim for intentional interference with prospective economic advantage is preempted.

### 3. Third Cause of Action: Conversion

■ It is generally held that an action for conversion involves tangible, rather than intangible property, and therefore is immune from preemption. Nimmer at 1–36, 1–37 citing *Dielsi v. Falk,* 916 F.Supp. at 992. The Copyright Act protects reproduction, which does not necessarily interfere with the tangible property right in the item that is being copied. *Data Gen. Corp. v. Grumman Sys. Support Corp.,* 795 F.Supp. 501, 505 (D.Mass.1992), *aff'd,* 36 F.3d 1147 (1st Cir. 1994). Therefore, a state claim for conversion would not face federal preemption. However, in order to bring an action for conversion, there must be a wrongful possession of the work. Nimmer at 1–37.

■ In the case at hand, Worth and Anthony allegedly submitted "photographs, drawings, tunnel designs, copies of scripts, special effects specifications, stunt coordinators, story boards, budget breakdown, and a history of the Holland Tunnel." (Mot. to Remand, Section II, pg. 4, lines 7–9.) It is uncertain from the Motion to Remand or Complaint whether or not these items have been returned to Plaintiffs.

However, Plaintiffs do not bring their conversion action for retrieval of these items, but rather for the profits from the movie's

reproduction and distribution. Plaintiffs fail to claim a "physical deprivation" from not having the photographs, scripts, notes, etc. D*ielsi v. Falk,* 916 F.Supp. at 992. Plaintiffs' Motion to Remand states that they seek "recovery of the profits from the movie." (Mot. to Remand, Section IV, Subsection 3, line 17.) Federal copyright law encompasses reproduction and distribution of copyrighted works. The profits created from the movie "Daylight" are the damages sought from the movie's unauthorized reproduction and distribution and are subsumed within federal copyright law.

Therefore, Plaintiffs' conversion claim is preempted by federal copyright law.

#### 4. Fourth Cause of Action: Accounting

 The additional cause of action for an accounting is within the Court's jurisdiction under supplemental jurisdiction. 28 U.S.C. § 1367. An accounting is necessary for Plaintiffs to determine the amount of damages they are seeking due to the alleged unauthorized use of their screenplay. Since this claim is essentially a remedy for Plaintiff's other claims that have been preempted by federal copyright law, this claim can also be removed to federal court based on supplemental jurisdiction. An action for an accounting is derived from a "common nucleus of operative fact" as Plaintiff's other preempted copyright claims. 28 U.S.C. § 1367.

Therefore, this Court has subject matter jurisdiction to hear Plaintiffs' claim for an accounting.

### V. CONCLUSION

Plaintiffs' equivalent state law copyright claims are completely preempted and, in the case of the cause of action for an accounting, are encompassed within supplemental jurisdiction. Removal is therefore proper. Based on the foregoing, this Court has subject matter jurisdiction to hear the case. Therefore, this Court DENIES Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**