Earl L. Bush and Bush Associates (hereinafter "Bush") filed a complaint against Laggo Properties, L.L.C., Joseph T. Scarborough, Jr., Alan Taunton, ST Contractors, Jimmy Speake, and Marshall Construction, L.L.C. (hereinafter collectively referred to as the "defendants"), in the Circuit Court of Montgomery County. Bush's action alleged conversion of Bush's personal property and work product and included a claim based on the theory of quantum meruit. The Circuit Court of Montgomery County held that Montgomery County was not a proper venue and transferred the action to the Circuit Court of Elmore County (hereinafter the "trial court").
According to the allegations in Bush's complaint, Scarborough and Taunton, as principals of Laggo Properties, entered into negotiations with Marshall Construction, L.L.C., for Marshall Construction to construct buildings in Tallassee. Marshall Construction hired Earl L. Bush, an architect, to design the buildings. Marshall Construction later informed Bush that negotiations on the project had ceased because the project was over budget. Later, Bush learned that ST Contractors and Speake had obtained a building permit and were allegedly using Bush's architectural plans in their construction of a building in Tallassee.
In November 1998, Bush amended his complaint to allege copyright infringement. Bush also filed a complaint in a federal court alleging copyright infringement against the defendants. Therefore, on the agreement of the parties, the Elmore Circuit Court dismissed the amended complaint alleging copyright infringement. *Page 1065 
In June 1999, Laggo, Scarborough, and Taunton filed a cross-claim against Marshall Construction, alleging breach of contract and fraud. In September 1999, Marshall Construction, in turn, filed a cross-claim alleging breach of contract and fraud against Laggo. Laggo answered, denying the material allegations in Marshall's cross-claim. Because the two actions arose out of the same set of facts, the trial court consolidated the two actions.
In November 1999, Bush filed a motion to add another defendant, JJATS, L.L.C., to his action. The record does not indicate how JJATS factors into the facts of Bush's action. Bush also amended his action to include a claim of breach of contract against JJATS and the other defendants.
In August 1999, the defendants filed a motion, pursuant to Rule 12(b), Ala.R.Civ.P., to dismiss Bush's remaining claims against them. In that motion, the defendants argued that Bush's claims were preempted by the Copyright Act of 1976, 17 U.S.C. § 101 et seq. In January 2000, Bush filed a motion in opposition to that motion.
On February 14, 2000, the trial court entered a judgment dismissing the claims against the defendants named in Bush's action. The trial court certified its judgment as final pursuant to Rule 54(b), Ala.R.Civ.P. Bush appealed to the Supreme Court of Alabama, arguing that the trial court had erred in determining that his claims were preempted by the Copyright Act. The case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
In support of their motion to dismiss, the defendants submitted the parties' pleadings and a copy of Bush's federal district-court complaint against them. Bush made several factual allegations in his response to the motion to dismiss. We note that evidentiary matters may be freely submitted on a motion to dismiss that attacks the trial court's jurisdiction. Committee Comments, Rule 12, Ala.R.Civ.P. (citing Williamsv. Minnesota Mining Mfg. Co., 14 F.R.D. 1 (S.D.Cal. 1953)). Further, the trial court struck Bush's submissions as being outside the scope of the issue of the motion to dismiss and stated that, in reaching its judgment, it had considered only the pleadings and the legal arguments of the parties. Our review in this case is to determine whether the trial court correctly applied the law to the facts of the case. Sims v. LelandRoberts Constr., Inc., 671 So.2d 106 (Ala.Civ.App. 1995). Once a party challenges the trial court's jurisdiction, pursuant to Rule 12(b)(1), the burden of establishing jurisdiction is on the plaintiff. Menchaca v.Chrysler Credit Corp., 613 F.2d 507 (5th Cir. 1980).
Section 301 of the Copyright Act provides:
 "(a) On and after January 1, 1989, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."
 Thus, § 301 sets forth a two-pronged test to determine whether the Copyright Act preempts state law. First, the work at issue must be within the subject matter of copyright, and second, the state cause of action must be equivalent to the rights available under the Copyright Act. 17 U.S.C. § 301. Where a state cause of action involves an additional element *Page 1066 
that is not encompassed within the Copyright Act, the state cause of action is not preempted. Worth v. Universal Pictures, Inc., 5 F. Supp.2d 816 (C.D.Cal. 1997).
The majority of Bush's brief on appeal is dedicated to Bush's argument that the trial court erred in dismissing the count alleging breach of contract. Bush's breach-of-contract claim is based on his argument that he is an intended third-party beneficiary of a "Design-Build Agreement" between Marshall Construction and the other defendants. Bush alleges that the defendants did not pay the amounts due under the contract and that he had therefore suffered consequential damages.
In order to state a claim under a third-party-beneficiary theory, the plaintiff must allege that the contracting parties, at the time they entered into the contract, "intended . . . to bestow a direct benefit upon a third party," that the plaintiff "was the intended beneficiary of the contract," and "that the contract was breached." Sheetz, Aiken Aiken, Inc. v. Spann, Hall, Ritchie, Inc., 512 So.2d 99, 101-02 (Ala. 1987). Such a cause of action is not provided under the Copyright Act.
"If the suit is one brought to enforce a right based upon a contract which relates to a copyrighted production, the suit is one which arises out of the contract, and is not one arising under the copyright statute. . . . `The fact that a . . . copyright is incidentally involved'" does not result in preemption of the state cause of action by the Copyright Act. Gorham v. Edwards, 164 F. Supp. 781, 783-84 (S.D.N.Y. 1958).
Bush's breach-of-contract claim involves elements that do not come within the coverage of the Copyright Act. We conclude that Bush has stated a beach-of-contract cause of action, that Bush's cause of action is not preempted by the Copyright Act, and that Bush has established the trial court's jurisdiction over his breach-of-contract claim. The trial court erred in dismissing, pursuant to Rule 12(b)(1), Ala.R.Civ.P., Bush's claim alleging breach of contract.
Although Bush states in the "statement of the issues" section of his brief on appeal that the trial court erred in determining that his quantum meruit claim was preempted by the Copyright Act, he did not make any argument on appeal regarding that issue. Therefore, that issue is waived. Myrick v. Myrick, 714 So.2d 311 (Ala.Civ.App. 1998).
Bush argues that the trial court erred in determining that his conversion claim was preempted by the Copyright Act. In support of this argument, Bush cites only Acorn Structures, Inc. v. Swantz, 846 F.2d 923
(4th Cir. 1988). In that case, the court held that the district court had properly dismissed the plaintiff's claim alleging conversion of architectural plans, for failure to state a claim on which relief could be granted. The remainder of that case discussed the plaintiff's claim alleging breach of contract. We cannot say that Bush has demonstrated that the trial court erred in determining that his conversion claim was preempted by the Copyright Act.
Further, in Worth v. Universal Pictures, Inc., 5 F. Supp.2d 816
(C.D.Cal. 1997), the court held that the plaintiffs' conversion claim was preempted by the Copyright Act because the plaintiffs did not seek the return of the allegedly converted property, but rather sought damages for the alleged conversion. In this case as well, Bush sought only damages for the alleged conversion of the architectural plans.
Bush's last argument is that the trial court erred in "disregarding [his] claim of ownership and preempting the issue of ownership to copyright." In support of this brief argument, Bush cites only Gorham *Page 1067 v. Edwards, 164 F. Supp. 781 (D.C.N.Y. 1958), a case decided before the enactment of the Copyright Act. Bush filed in the trial court an amended complaint alleging copyright infringement, claiming sole ownership of the architectural plans. However, Bush had filed a similar claim in the federal district court and consented to the dismissal of the copyright-infringement claim in the trial court. Bush has not demonstrated that the trial court erred in dismissing his claim of copyright infringement.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Robertson, P.J., and Monroe and Crawley, JJ., concur.
Yates, J., concurs in the result.