873 So.2d 1271 (2004)
Stephen P. ROLAND, Appellant,
v.
FLORIDA EAST COAST RAILWAY, LLC f/k/a Florida East Coast Railway Company, a Florida corporation, Appellee.
No. 3D02-1405.
District Court of Appeal of Florida, Third District.
June 2, 2004.
Rehearing Denied June 2, 2004.
*1272 Tilghman & Vieth, P.A.; Lauri Waldman Ross, Miami, for appellant.
Clarke, Silvergate, Campbell, Williams & Montgomery, and Spencer H. Silvergate, and Hannesson I. Murphy, Miami, and J. Michael M. Marshall, Ft. Lauderdale, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.

On Rehearing Denied
COPE, J.
On consideration of the appellee's motion for rehearing we withdraw the court's previous opinion and substitute the following opinion.
Stephen P. Roland appeals an order dismissing his Florida whistleblower lawsuit on grounds of federal preemption. We conclude that federal law authorizes a railroad employee to invoke the protection of a state whistleblower statute. That being so, there is no federal preemption.

I.
Plaintiff-appellant Roland was employed as a railroad policeman by defendant-appellee Florida East Coast Railway ("FEC"). His amended complaint alleges: *1273 6. During his employment with the FEC, Plaintiff repeatedly reported, objected to, and refused to participate in violations of federal and state laws to other commissioned officers of the State of Florida, which violations created a substantial and specific danger to the public's safety, health, and welfare, including the following:
a) Refusing to notify the [Environmental Protection Agency], [Department of Environmental Resources Management], and local departments about hazardous material leaks in the FEC's Miami Springs yard and of the contamination of air and ground water in the surrounding area, which includes homes within 200 feet and well fields for Miami-Dade County;
b) Burglary upon a warehouse leased to an FEC tenant; and
c) Warrantless, illegal wiretaps on FEC employees.
7. As a result of his report of violations of laws, Plaintiff was terminated by the Defendant FEC.
R. 38. Plaintiff alleged that his termination was in violation of Florida's whistleblower statutes. See § 448.101-448.105, Fla. Stat. (2000).[1]
The FEC successfully moved for dismissal, arguing that there is a federal whistleblower statute which protects railroad employees, 49 U.S.C. § 20109, and that the federal statute necessarily preempts any state whistleblower act.
We respectfully disagree with the trial court on the preemption issue. We do so because the federal whistleblower statute states, in relevant part:
(d) Election of remedies.An employee of a railroad carrier may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the carrier.
49 U.S.C. § 20109(d). Florida's whistleblower statute is "another provision of law." The federal whistleblower statute thus allows a railroad employee to proceed (1) under the federal whistleblower statute, or (2) under any other whistleblower statute (such as the Florida statute at issue in this case), but not both.
For its argument that the Florida whistleblower statute has been preempted, the FEC relies on Rayner v. Smirl, 873 F.2d 60 (4th Cir.1989). We conclude that Rayner's preemption and statutory analyses do not survive applicable decisions of the United States Supreme Court.
Rayner was a railroad employee who alleged that he had been demoted and *1274 transferred because he had reported safety violations against the wishes of his superiors. He filed a common-law suit for wrongful discharge in Maryland state court, which was removed to federal court. 873 F.2d at 62-63.[2] Construing the predecessor version of the statute now before us, the Fourth Circuit held that the statute preempted the plaintiff's common-law cause of action for wrongful discharge. 873 F.2d at 67.
The FEC argues that if the federal whistleblower statute preempts a state common-law cause of action for wrongful discharge, it follows that the federal statute also preempts a cause of action for violation of a state whistleblower statute. We do not agree.
First, the only point actually decided in Rayner was that the federal statute preempted a state common-law claim for wrongful discharge. The Rayner court did not consider, or decide, whether the federal statute would preempt a state-law whistleblower statute such as the Florida statute at issue in the present case. To the extent that Rayner can be read as precluding a state whistleblower statutory claim, those pronouncements arguably are dicta.
Second, several years after Rayner, the United States Supreme Court announced Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). There the Court found there was no preemption of the Hawaii Whistleblower Protection Act by the federal Railway Labor Act. Id. at 266, 114 S.Ct. 2239. In the statute now before us, federal whistleblower claims are decided under the federal Railway Labor Act. See 49 U.S.C. § 20109(c). Under the logic of Hawaiian Airlines, the Florida whistleblower statute is not preempted. See also CSX Transportation, Inc. v. Easterwood, 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993); English v. General Electric Co., 496 U.S. 72, 87, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990); Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1263-64 (11th Cir.2003); Maher v. New Jersey Transit Rail Operations, Inc., 125 N.J. 455, 593 A.2d 750 (1991).[3]
Third, and as already stated, the text of the federal whistleblower statute allows a railroad whistleblower to elect to proceed under either the federal statute or "another provision of law for the same allegedly unlawful act of the carrier." 49 U.S.C. § 20109(d). The FEC points out that according to Rayner, the election of remedies "section refers to federal statutes or regulations, not the common-law remedies of the fifty states." 837 F.2d at 66 n. 1. But the Rayner court did not consider or address whether the wording of the federal statute permits election of the remedy of a state law whistleblower actionand we conclude that the federal statute by its terms does allow the state statutory claim.[4]
Fourth, we reject the FEC's argument that the express terms of the federal statute *1275 are overridden by a congressional committee report contained in the 1980 congressional history. In saying that a railroad employee is only allowed to make an election among federal remedies, the Rayner court cited a statement in the congressional history that there was a desire to allow railroad employees the option to invoke the federal whistleblower statute, or any rights the employee may have under an existing collective bargaining agreement, but not both. See Rayner, 873 F.2d at 66 (citing H.R.Rep. No. 96-1025, 96th Cong., 2d Sess., reprinted in 1980 U.S.Code Cong. & Admin. News 3830, 3840).
It does not follow, however, that Congress intended to confine railroad employees solely to those two remedies, or solely to federal remediesbecause if that had been the congressional intent, Congress knew very well how to draft such a statute. "Ordinarily, the mere existence of a federal regulatory or enforcement scheme ... does not by itself imply pre-emption of state remedies." English v. General Electric Co., 496 U.S. at 87, 110 S.Ct. 2270 (citation omitted).
Furthermore, the United States Supreme Court has made clear that in interpreting a statute, there is no occasion to resort to legislative history where the text of the statute is clear. Writing about another federal statutory scheme, the Court explained:
[Respondent] says that legislative history points to a different result. But we think that judicial inquiry into the applicability of § 1292 begins and ends with what § 1292 does say and with what § 158(d) does not ... "It would be dangerous in the extreme to infer ... that a case for which the words of an instrument expressly provide, shall be exempted from its operation."
Connecticut National Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted). It was impermissible for the Rayner court to decide that the statute restricts a railroad employee to a choice between federal remedies only, when the text of the statute contains no such "federal" limitation.[5]
In conclusion, we emphasize that in adjudicating the Florida whistleblower case, any applicable federal law and regulations regarding the operations and safety standards of railroads are, of course, controlling. As we view the matter, Congress has allowed an aggrieved plaintiff to elect to proceed in state court on a whistleblower claim. However, wherever federal law and regulations govern railroad operations and safety standards, federal law will be applied by the state court.
For the stated reasons, we reverse the dismissal order and remand for further proceedings consistent herewith.[6]
RAMIREZ, J., concurs.
*1276 GREEN, J. (concurring).
I write separately because I believe this case should be reversed on procedural grounds.
Roland instituted this action for wrongful discharge under Florida's Whistle Blower Statute,[7] for retaliatory discharge due to his reporting of alleged illegal activities by FEC. FEC answered asserting various affirmative defenses. Preemption was not one of these. Months later, FEC filed a motion to dismiss the complaint, claiming that the trial court lacked subject matter jurisdiction because Roland's state law claims were completely preempted by the Federal Railway Safety Act. Roland opposed the motion, arguing that there was no preemption of his claims.
Following the majority's rationale that § 20109 provides for concurrent jurisdiction, this then becomes a case of "defensive preemption." Defensive preemption arises when a state court has concurrent jurisdiction to consider claims under a federal statute. See Worth v. Universal Pictures, Inc., 5 F.Supp.2d 816, 820 (C.D.Cal. 1997). In a "defensive preemption" case, preemption must be raised as an affirmative defense or it is waived. See, id. See also Martin v. Eastern Airlines, Inc., 630 So.2d 1206, 1208 (Fla. 4th DCA 1994) (finding that preemption, an affirmative defense within the scope of both the Florida and Federal Rules of Civil procedure, is waived if not set forth in the answer). Here, given the plain language of 49 USC § 20109, that a railway employee may seek protection under FRSA or "another provision of law," both the federal and state courts have jurisdiction over this matter. Thus, the preemption argument was "defensive."
FEC did, however, acknowledge in the court below that preemption is ordinarily an affirmative defense but urged that the preemption here was "complete" and therefore went to subject matter jurisdiction.[8] The trial court erroneously agreed and granted FEC's motion dismiss.
Since FEC did not raise preemption in its pleadings, this argument was waived, and the motion to dismiss was improperly considered. Accordingly, I would reverse on this ground.
NOTES
[1] Section 448.102, Florida Statutes, provides:

448.102 Prohibitions.An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
Plaintiff also alleged a violation of section 112.3187, Florida Statutes (2000). It is not clear to us that Section 112.3187 applies to the plaintiff, but that question is not before us.
[2] The claim was wrongful discharge because the plaintiff had been discharged from his position as foreman and demoted to a lower position.
[3] The federal Railroad Safety Act contains an express preemption provision providing for national uniformity of laws, regulations, and orders related to railroad safety. 49 U.S.C. § 20106. Under the analysis of the just-cited cases, allowing enforcement of employee rights through a state whistleblower statute is consistent with the federal regulatory scheme.
[4] The Rayner court is correct that the election of remedies provision prohibits a railroad employee from electing a state common-law remedy, such as a state wrongful discharge claim. That is so because the election of remedies provision refers to "another provision of law," 49 U.S.C. § 20109(d), and the most common interpretation of "provision of law" would be "statute." See Black's Law Dictionary 1240 (7th ed.1999). Thus, the election of remedies provision allows a state statutory whistleblower claim but prohibits a state common-law claim.
[5] The FEC argues that this court is required to follow Rayner as precedent binding on this court. Leaving aside the fact that the Rayner court did not pass on the exact question now before us, and the fact that the Rayner decision has been undercut by decisions of the United States Court, the FEC's argument is incorrect. This court is bound by decisions of the United States Supreme Court and the Florida Supreme Court. See State v. Dwyer, 332 So.2d 333 (Fla.1976); Kidwell v. State, 696 So.2d 399, 405 (Fla. 4th DCA 1997); Board of County Commissioners v. Dexterhouse, 348 So.2d 916, 918 (Fla. 2d DCA 1977). Decisions of the federal courts of appeals are persuasive but not binding. See Board of County Commissioners v. Dexterhouse, 348 So.2d at 918.
[6] We respectfully disagree with the position of the concurring opinion. That is because in the trial court, the plaintiff waived the pleading deficiency and proceeded to address the issue on the merits. Memorandum of Law in Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction, at 2. The plaintiff stated:

Initially, it should be noted that the FEC has answered the Amended Complaint and has not raised the affirmative defense of preemption. Neither has the FEC sought leave to amend it[s] Answer to allege this new theory of defense. While ... the procedural deficiencies of the FEC's Motion to Dismiss could eventually be cured, meeting the issue head on reveals that even if properly before the Court, the [Federal Railroad Safety Act] does not preempt this action or serve as a basis for subject matter dismissal.
Id.
As the plaintiff bypassed any reliance on the FEC's failure to plead the affirmative defense, that is not a proper basis for reversal here.
[7] See §§ 112.3187 and 448.102, Fla. Stat. (1999).
[8] Complete preemption arises where a federal statute vests exclusive jurisdiction in the federal courts. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); Smith v. GTE Corp., 236 F.3d 1292 (11th Cir.2001).