WISE, Justice.
Ralph Burnell petitions this Court for a writ of mandamus directing the Bibb Circuit Court to vacate its February 11, 2011, order denying his motion to dismiss claims the plaintiff, Christi Burr Kelley, filed against him and to enter a judgment of dismissal in his favor. We grant the petition and issue the writ.

Facts and Procedural History

On December 13, 2007, while she was an inmate in the Bibb County jail, Kelley slipped in the shower area, fell, and was injured. Burnell was the warden of the jail at the time of the incident. In her complaint, as amended, Kelley sued Bibb County, the Bibb County jail, the Bibb County Sheriffs Department, Sheriff Keith Hannah, and Burnell, alleging negligence and wantonness and requesting damages “in that amount which the trier of fact may assess.”
The defendants filed a motion to dismiss and a brief in support of the motion. Citing Rule 12(b)(1), Ala. R. Civ. P., they argued, in part: 1) that the trial court did not have jurisdiction to hear the claims against Sheriff Hannah because, as sheriff, he was entitled to State immunity; 2) that the trial court did not have jurisdiction to hear the claims against Burnell because he “is entitled to state immunity because he is an APOST [Alabama Peace Officers’ Standards and Training Commission] certified law enforcement officer and his duties as Warden include the duties of a deputy sheriff’; 3) that the Bibb County jail and sheriffs department are not legal entities that are capable of being sued; and 4) that Bibb County cannot be held liable for damages arising from a slip and fall that occurred in the county jail.
The defendants submitted affidavits from Sheriff Hannah and Burnell in support of their motion to dismiss.[1] In his affidavit, Sheriff Hannah stated, in part:
“I am the duly-elected Sheriff of Bibb County. I was the Sheriff of Bibb County, Alabama, at all times relevant to [Kelley’s] Amended Complaint.
“... Ralph Burnell serves as the Warden of the Bibb County Jail. In this role, he not only supervises the jail and takes care of the day to day operations of the jail for me, he also performs the duties of a road deputy, including patrolling the county, answering calls, writing reports, etc.
“... Warden Burnell was hired as Warden August 10, 2006. He was hired under the expressed condition that he perform regular deputy duties in addition to running the jail.”
In his affidavit, Burnell stated, in part:
“I am the Warden of the Bibb County Jail. I have served in this capacity since August 2007.
“... I am an APOST [Alabama Peace Officers’ Standards and Training Commission] certified peace officer having graduated from the Selma Academy in 2000....
“... I was hired as the Warden of the Bibb County Jail under the expressed condition that I perform duties of the warden in the jail and the regular duties of a deputy.
“... Consequently, as Warden, I do everything a deputy does plus everything a jail administrator does.
*710 "... My job description and duties were as described above at all times relevant to [Kelley’s] Amended Complaint.”
Kelley filed a response in opposition to the defendants’ motion to dismiss. In her response, she alleged, in part:
“In relation to [Kelley’s] claims, Defendant Warden Burnell was acting as Warden of the Bibb County Jail, not as a deputy sheriff, and should not be entitled to deputy sheriff immunity for that reason. The fact that Warden Burnell may also be a Deputy Sheriff, or have any other certifications or positions, is irrelevant to whether Burnell may be sued in his capacity as Warden of the Bibb County Jail.”
Kelley then quoted from this Court’s decision in Ex parte Shelley, 53 So.3d 887 (Ala.2009), and asserted:
“Because Burnell was acting in his capacity as the Warden or jailer at the time, the Court in Ex parte Shelley has clearly indicated that he does not have immunity from a suit for money damages for injuries that are the result of negligence or wantonness in his performance of those duties.”
The trial court granted the motion to dismiss as to Bibb County, the Bibb County jail, the Bibb County Sheriffs Department, and Sheriff Hannah but denied the motion to dismiss as to Burnell. Burnell then filed this petition.

Standard of Review

“ ‘A writ of mandamus is a
“ ‘ “drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’
“Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). ‘It is well established that mandamus will lie to compel a dismissal of claim that is barred by the doctrine of sovereign immunity.’ Ex parte Blankenship, 893 So.2d 303, 305 (Ala.2004). ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness.’ Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003).”
Ex parte Donaldson, 80 So.3d 895, 897 (Ala.2011).

Discussion

Burnell argues that he is entitled to State immunity because, he contends, he is being sued for money damages for actions that arose out of his performance of his duties as a deputy sheriff. Therefore, he asserts, the trial court did not have jurisdiction over Kelley’s claims against him and the trial court should have dismissed him as a defendant. We agree.
“Article I, § 14, Const. of Ala.1901, states that ‘the State of Alabama shall never be made a defendant in any court of law or equity.’ This constitutional provision ‘has been described as a “nearly impregnable” and “almost invincible” “wall” that provides the State an un-waivable, absolute immunity from suit any in any court.’ Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006) (quoting Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867 (Ala.2004); Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002); and Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994)).
“Article V, § 112, Ala. Const.1901, provides in part that ‘[t]he executive department’ of the State of Alabama ‘shall consist of a governor, ... and a sheriff for each county.’ Based on §§ 14 and *711 112 of the Alabama Constitution, this Court concluded in Parker v. Amerson, 519 So.2d 442, 442-43 (Ala.1987), that, aside from certain recognized exceptions not applicable here,[4] ‘[a] sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office.... ’
‘“We have also held that deputy sheriffs are immune from suit to the same extent as sheriffs. “In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.” Carr v. City of Florence, Alabama, 916 F.2d 1521, 1526 (11th Cir.1990), quoted with approval in Drain v. Odom, 631 So.2d 971, 972 (Ala.1994), and Wright v. Bailey, 611 So.2d 300, 303 (Ala.1992). “[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy’s acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriffs own acts.” Carr, at 1526, quoted with approval in Wright v. Bailey, at 303.’
“Alexander v. Hatfield, 652 So.2d 1142, 1144 (Ala.1994).
“Parker, 519 So.2d at 443. Our decisions have recognized another category of actions against State officials in which the official is not shielded from immunity, i.e., ‘ “valid inverse condemnation actions brought against State officials in their representative capacity.”’ Alabama Dep’t of Transportation v. Harbert Int’l, Inc., 990 So.2d 831, 840 (Ala.2008) (other citations omitted). It does not appear that this Court has ever had occasion to consider whether this latter category would, in an appropriate circumstance, apply to a sheriff.”
Ex parte Shelley, 53 So.3d at 890-91.
“Because sheriffs are constitutional officers and because deputy sheriffs act on behalf of sheriffs as alter egos, a claim for monetary damages made against a deputy sheriff in his or her individual capacity is barred by the doctrine of State immunity whenever the acts that form the basis of the alleged liability were being performed within the line and scope of the deputy sheriffs employment.”
Ex parte Donaldson, 80 So.3d at 899. See also Ex parte Sumter Cnty., 953 So.2d 1235, 1239 (Ala.2006) (holding that “claims against sheriffs and deputy sheriffs are ‘barred by the absolute immunity of Article I, § 14, of the Aabama Constitution of 1901,’ Coleman v. City of Dothan, 598 So.2d 873, 875 (Aa.1992) (quoting White v. Birchfield, 582 So.2d 1085, 1088 (Aa.1991)), when the sheriffs or the deputies were ‘acting within the line and scope of their employment.’ Ex parte Purvis, 689 So.2d 794, 795 (Aa.1996).”).
The amended complaint clearly indicates that Kelley’s injuries occurred while she was incarcerated at the Bibb County jail and that Burnell was the warden of the county jail at that time. Aso, Burnell presented affidavit testimony that he was certified by the Aabama Peace Officers’ *712 Standards and Training Commission as a peace officer; that he had been a law-enforcement officer for approximately 10 years; that he had been hired as the warden of the Bibb County jail on the express condition that he perform the duties of the warden of the jail and that he also perform the regular duties of a deputy sheriff; and that, as warden of the county jail, he does everything a deputy does as well as everything a jail administrator does. Further, Sheriff Hannah presented affidavit testimony that Burnell was the warden of the county jail; that Burnell was hired as the warden on the express condition that he perform regular duties of a deputy sheriff in addition to running the jail; and that, in his role as warden, Burnell not only supervises the jail and its operations, but “also performs the duties of road deputy, including patrolling the county, answering calls, writing reports, etc.” Thus, Burnell and Sheriff Hannah submitted evidence indicating that Burnell was acting as a deputy sheriff at the time Kelley fell and was injured.
Although Kelley admits that Burnell was the warden of the jail at the time she was injured, she attempts to distinguish Bur-nell’s duties as warden of the jail from his duties as a deputy sheriff, and she argues that Burnell’s duties as warden of the jail did not fall within the line and scope of his duties as a deputy sheriff. She also notes that, “in Ex parte Shelley, 53 So.3d 887 (Ala.2009), [this Court] rejected any blanket immunity for Jailers as alter-egos of Sheriffs.” Kelley then asserts:
“The allegations of the Complaint and Amended Complaint in this case clearly indicate that [Kelley’s] claims arise solely from the alleged unreasonably hazardous condition of the shower area floor, which caused [Kelley] to slip and fall. As Warden, Burnell is charged with the duty of ensuring that no unduly hazardous condition exists in the Bibb County Jail and for maintaining the condition of the premises, including the shower area, in a reasonably safe condition. These are all duties attributable to Warden Burnell, not Bibb County, and these are all duties which Warden Bur-nell performs in the line and scope of his employment as Warden of the Bibb County Jail, not as a Deputy Sheriff. Under the factual circumstances of this case, Warden Burnell should not be clothed with constitutional immunity from suit simply because he is also a Deputy Sheriff who performs other unrelated Warden duties which are not within the line and scope of his employment as a Deputy Sheriff. Burnell’s Deputy Sheriff duties, according to his submissions, do not include maintaining the floors of the shower area in the County Jail in a reasonably safe condition. These are duties which are simply not within the line and scope of his duties as a Deputy Sheriff. As this Court noted in Shelley, ‘because the doctrine of sovereign immunity denies [plaintiffs a recovery for injuries from otherwise potentially liable [defendants, this Court must be deliberate about extending the doctrine.’ Shelley, 53 So.3d at 895. In this case, extending state immunity to Warden Burnell under these circumstances would result in the expansion of sovereign immunity to the point where an individual could be deputized as a Deputy Sheriff and then be assigned to perform any and all duties by a County which it might arbitrarily choose to assign, while granting that individual absolute state immunity under the cloak of their position as a Deputy Sheriff, even though their assigned duties may have nothing to do with the duties normally performed by a Deputy Sheriff.”
In Ex parte Shelley, Shelley, a jailer at the Houston County jail, was sued for money damages after he was involved in a motor-vehicle accident while transporting *713 a prisoner. 53 So.3d at 889. Shelley filed a motion to dismiss, asserting that he was entitled to State immunity because he was acting in the line and scope of his employment with the Houston County Sheriffs Office when the accident occurred; the trial court denied the motion, noting that the doctrine of State immunity had not been extended beyond individuals who were either sheriffs or deputy sheriffs. Id. This Court, after noting “that Shelley is neither a sheriff nor a deputy sheriff,” 53 So.3d at 892, stated:
“Shelley’s argument for extending State immunity to cover a jailer employed by a sheriff hinges on this Court’s determination in Hereford v. Jefferson County, 586 So.2d 209 (Ala.1991), that deputy sheriffs are immune from suit to the same extent as sheriffs. Shelley contends that, just like a deputy sheriff, he carries out some of the duties of the sheriff on behalf of the sheriff; he reasons, therefore, that he should be clothed with the immunity that sheriffs possess as executive officers of the State when he is acting in the line and scope of his employment.
“Shelley’s argument, based on the duties he performs for the sheriffs office, misunderstands, however, the nature of § 14 immunity. A sheriff is entitled to State immunity because of his status as a constitutional officer as detailed in Art. V., § 112, Ala. Const.1901. Suits against such officers for actions taken in the line and scope of their employment inherently constitute actions against the State, which is prohibited by § 14. See [Ex parte] Haralson, 853 So.2d [928,] 932 [ (Ala.2003) ] (reiterating that ‘[a] sheriff is an executive officer of this State pursuant to the Alabama Constitution of 1901, Art. V, § 112 [and a]s an executive officer, a sheriff is immune from being sued in the execution of the duties of his office under Art. I, § 14, Alabama Const.1901.’).
“This Court has stated on several occasions, however, that ‘deputy sheriffs are immune to the same extent sheriffs are immune because “ ‘[t]he deputy sheriff is the alter ego of the sheriff.’ ” ’ Haralson, 853 So.2d at 932 (quoting Hereford, 586 So.2d at 210, quoting in turn Mosely v. Kennedy, 245 Ala. [448,] 450, 17 So.2d [536,] 537 [ (1944) ]). An alter ego is, by definition, a second self; the deputy is ‘“legally an extension of the sheriff.” ’ Wright [v. Bailey ], 611 So.2d [300,] 303 [ (Ala.1992) ] (quoting Carr [v. City of Florence ], 916 F.2d [1521,] 1526 [ (11th Cir.1990) ]) (emphasis added).
“In Mosely, this Court cited Rogers v. Carroll, 111 Ala. 610, 20 So. 602 (1896), for the proposition that a deputy sheriff is the alter ego of the sheriff. Rogers explained the nature of the relationship between a sheriff and his deputy, as opposed to others employed by a sheriff to carry out particular tasks:
“ ‘On all the evidence, Reeves was a general deputy of Carroll the sheriff. He was a deputy sheriff, as distinguished from a specially deputized agent of the sheriff for a particular purpose. His powers, generally speaking, were those of the sheriff himself, and his acts were those of the sheriff. He had the same power to receive and to execute all ordinary process as had the sheriff, and his acts or omissions under or in respect of process were the acts or omissions of the sheriff. In legal contemplation, he and the sheriff were one officer, so far as third persons are concerned, as to all questions of civil responsibility. Standing thus in the stead of the sheriff, and being the sheriff for all practical purposes affecting third persons, the public have a right to assume that he has all the powers incident to the office he holds.... ’
*714 “Rogers, 111 Ala. at 613, 20 So. at 602. Thus, because ‘[i]n legal contemplation, [a deputy] and the sheriff [are] one officer, so far as third persons are concerned,’ it is logical that a deputy shares in the immunity afforded to sheriffs. Id. (emphasis added). Compare Wheeler v. George, 39 So.3d 1061, 1093 (Ala.2009) (acknowledging the ‘long-standing precedent treating the deputy as an alter ego of the Sheriff,’ but declining to embrace a more general notion that State officials serving in the executive branch are ‘deputy governors’ for purposes of State immunity as to suits for money damages).
“In contrast, a jailer working for a sheriffs office cannot properly be viewed ‘in legal contemplation’ as ‘an extension of the sheriff or as ‘one officer’ with the sheriff. The Lancaster Court itself acknowledged that ‘jailers may not function as an “extension” of the sheriff to the same degree that deputies do, because a jailer cannot undertake every act that the sheriff could perform!’ Lancaster [v. Monroe County], 116 F.3d [1419,] 1429 [(11th Cir.1997) ]. Moreover, as the Eleventh Circuit explained in Terry v. Cook, 866 F.2d 373, 378 (11th Cir.1989), the positions appointed by a sheriff of clerk, investigator, dispatcher, jailer, and process server ‘traditionally revolve around limited objectives and defined duties and do not require those holding them to function as the alter ego of the sheriff or ensure that the policies and goals of the office are implemented.’ Accordingly, we do not consider a jailer in the position of Shelley to be an alter ego of the sheriff as are deputy sheriffs.
“The doctrine of State immunity under § 14 of the constitution, insofar as it operates to provide absolute immunity to certain State actors with respect to suits against them in their individual capacity for money damages, is a doctrine that is applicable to constitutional officers.... Shelley’s position as a jailer simply does not meet this requirement.
“None of this Court’s cases have extended a sheriffs State immunity to any sheriffs employees other than deputy sheriffs. We decline to extend State immunity beyond that limit in this case.”
Ex parte Shelley, 53 So.3d at 895-97 (footnotes omitted).[2]
This Court’s decision in Ex parte Shelley does not support Kelley’s argument. Un *715 like the jailer in Ex parte Shelley, Burnell is a deputy sheriff as well as the warden or jailer for the county jail. Also, unlike the jailer in Ex parte Shelley, Burnell has the authority to, and, by the sheriffs admission, is expected to, perform all duties of a deputy and to function as an alter ego or extension of the sheriff. Therefore, the facts in Ex parte Shelley are distinguishable from those in this case.
 Kelley does not cite any authority to support the proposition that a deputy sheriff who also acts as a warden or jailer does not have State immunity by virtue of his or her position as a deputy sheriff, and we have found none. Although she would apparently have us conclude otherwise, in Ex parte Shelley, this Court did not hold that a jailer or warden who is also a deputy sheriff is not entitled to State immunity. Likewise, she has not presented any authority for distinguishing between when Burnell is functioning as a warden or jailer and when he is functioning as a deputy sheriff. In either function, Burnell retains his status as a deputy sheriff. Kelley’s purported distinctions notwithstanding, she has not alleged any facts that would tend to show that Burnell was not acting in the line and scope of his employment as a deputy sheriff and as an alter ego of the sheriff when Kelley was injured.
“ ‘[W]hen the parties have not provided sufficient legal or factual justification for this Court’s jurisdiction, this Court is not obligated to embark on its own expedition beyond the parties’ arguments in pursuit of a reason to exercise jurisdiction. The burden of establishing the existence of subject-matter jurisdiction falls on the party invoking that jurisdiction. See, e.g., Ex parte HealthSouth Corp., 974 So.2d 288 (Ala.2007) (setting forth the plaintiffs burden of demonstrating standing to bring an action, an issue of subject-matter jurisdiction); ... Ex parte Ray-El, 911 So.2d 1100, 1104 (Ala.Crim.App.2004) (placing the burden to “ ‘justify the jurisdiction of this court’ ” on the person bringing a habeas petition as a “next friend” (quoting Whitmore v. Arkansas, 495 U.S. 149, 164, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990))); cf. Bush v. Laggo Props., L.L.C., 784 So.2d 1063, 1065 (Ala.Civ.App.2000) (“Once a party challenges the trial court’s jurisdiction, pursuant to Rule 12(b)(1), [Ala. R. Civ. P.,] the burden of establishing jurisdiction is on the plaintiff.” (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir.1980))).’
“Crutcher v. Williams, 12 So.3d 631, 635-36 (Ala.2008).”
Blevins v. Hillwood Office Ctr. Owners’ Ass’n, 51 So.3d 317, 322 (Ala.2010).
Based on the record before this Court, we conclude that Kelley’s claims against Burnell are barred by the doctrine of State immunity because Burnell was acting in the line and scope of his duties as a deputy sheriff at the time Kelley was injured.[3] Therefore, Burnell has established a clear legal right to the dismissal of Kelley’s complaint against him.

Conclusion

For the above-stated reasons, we grant Burnell’s petition for a writ of mandamus and direct the trial court to vacate its order denying Burnell’s motion to dismiss and to enter an order dismissing Burnell as a defendant in this case.[4]
*716 PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and STUART, PARKER, and SHAW, JJ., concur.

. "Evidentiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction. Committee Comments, Rule 12, Ala. R. Civ. P. (citing Williams v. Minnesota Mining & Mfg. Co., 14 F.R.D. 1 (S.D.Cal.1953)).” Williams v. Skysite Commc’ns Corp., 781 So.2d 241, 245 (Ala.Civ.App.2000).

"4 Parker explained that § 14 immunity does not shield a sheriff from an action brought
‘“(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.’

. The legislature amended §§ 14-6-1 and 36-22-3, Ala.Code 1975, effective June 14, 2011. See Act No. 2011-685, Ala. Acts 2011. Section 14-6-1 now provides:
"The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.”
Section 36-22-3(b) now provides, in part:
"Any of the duties of the sheriff set out in subsection (a) or as otherwise provided by law may be carried out by deputies, reserve deputies, and persons employed as authorized in Section 14-6-1 as determined appropriate by the sheriff in accordance with state law. Persons undertaking such duties for and under the direction and supervision of the sheriff shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law.”
*715 The 2011 amendments are not applicable in this case.

. Kelley did not establish that her claim fell within any of the exceptions to State immunity-

. Because of our resolution of this issue, we pretermit discussion of the other issues Bur-nell raises in his brief to this Court.