[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15228

_____

D.C. Docket No. 2:12-cv-00392-WHA-SRW


SHERRIE JOHNSON,
as administratrix of the Estate of Alquwon Johnson deceased,

                    Plaintiff - Appellee,

versus

RYAN CONNER,
SONYA MAYO,
GEORGE PARHAM, Captain,

                    Defendants - Appellants,

BARBOUR COUNTY, et al.,

                    Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 9, 2013)

Before CARNES and WILSON, Circuit Judges, and HUCK,* District Judge.

PER CURIAM:

On June 4, 2011, Alquwon Johnson committed suicide by hanging himself with a bed sheet while in custody at the Barbour County Jail (the Jail). On August 8, 2011, his mother and personal representative, appellee Sherrie Johnson, filed suit against appellants Ryan Conner, Sonya Mayo, and George Parham, all of whom were corrections personnel working at the Jail at the time of Alquwon's suicide, as well as against various Barbour County entities.[1] Johnson alleged that, despite their knowledge of Alquwon's mental illness, the appellants violated state and federal law by failing to take appropriate precautions—including, *inter alia*, closely monitoring Alquwon, ensuring that he took his medications, and removing the bedding from his cell in accordance with Jail policy—following Alquwon's previous but unsuccessful suicide attempt at the Jail on May 6, 2011.

---

* Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

[1] Johnson filed her state court civil action on August 8, 2011. On September 26, 2011, she amended her complaint to add a fifth state cause of action. On March 30, 2012, Johnson filed a Second Amended Complaint, which also alleged violations of 42 U.S.C. § 1983. The appellants removed the action to federal court on April 30, 2012. Johnson then filed her Third Amendment Complaint on July 3, 2012. Johnson brought claims for negligence against Conner, Mayo, and Parham (Count One); negligent hiring, training, and supervision against all of the defendants (Count Two); violation of state statutory law against Conner, Mayo, and Parham (Counts Three and Seven); violation of state statutory law against the County defendants (Count Four); supervisory liability, pursuant to 42 U.S.C. § 1983, against appellant Conner (Count Five); violation of the Fourteenth Amendment by Conner, Mayo, and Parham (Count Six); violation of the Fourteenth Amendment by the County defendants (Count Eight); and claims against fictitious defendants (Count Nine). Only Conner, Mayo, and Parham are before us as appellants in this interlocutory appeal.

2

The appellants filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Johnson's complaint on grounds of: (1) qualified immunity as to the federal claims; and (2) state immunity, pursuant to Alabama Code section 14-6-1, as to the state-based wrongful death claims. The district court granted the motion in part and denied it in part. With regard to section 14-6-1—which became effective on June 14, 2011 and entitled jailer personnel "employed by the sheriff . . . to the same immunities and legal protections granted to the sheriff"—the district court denied immunity, holding that the amended version of the statute "do[es] not apply to conduct which occurred before [its] effective date." *Johnson v. Conner*, No. 2:12-cv-00392-WHA, 2012 WL 3962012, at *6 (M.D. Ala. Sept. 10, 2012). The appellants then filed this interlocutory appeal, challenging only the denial of Alabama state immunity pursuant to section 14-6-1. After review and oral argument, we certify two questions to the Supreme Court of Alabama. *See Forgione v. Dennis Pirtle Agency, Inc.*, 93 F.3d 758, 761 (11th Cir. 1996) (per curiam) ("When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court . . . ."); *see also* Ala. R. App. P. 18(a).

## I. STANDARD OF REVIEW

"District court denials of state sovereign immunity under Alabama law are immediately appealable to this Court." *LeFrere v. Quezada*, 582 F.3d 1260, 1263

(11th Cir. 2009).  Sovereign immunity is a question of law that we review de novo. *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) (per curiam).

## II.  ALABAMA LAW

Pursuant to its state constitution, Alabama grants sovereign immunity to its state executive officers.  Ala. Const. art. I, § 14.  Section 14 provides that "the State of Alabama shall never be made a defendant in any court of law or equity." *Id*.  Under Alabama law, sheriffs and deputy sheriffs are considered executive officers of the state, and are therefore immune from suit in both their official and individual capacities.  *See McMillian v. Monroe Cnty.*, 520 U.S. 781, 793, 117 S. Ct. 1734, 1740 (1997) ("Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama . . . ."); *Drain v. Odom*, 631 So. 2d 971, 972 (Ala. 1994) ("We have also held that deputy sheriffs are immune to the same extent as sheriffs."); *Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987) (answering a certified question from this court in the affirmative that "[a] sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14 . . .").

> The only exceptions to Alabama sheriffs' immunity exist in actions brought
>
> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994) (internal quotation marks omitted).

At issue in this case is the amended version of Alabama Code section 14-6-1, which, "effective immediately" as of June 14, 2011, extended state immunity to sheriffs' jailers.[2] *See* 2011 Ala. Acts 685 section 3. The amended version of section 14-6-1 now provides:

> The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.

Ala. Code. § 14-6-1 (2013).[3]

---

[2] The amendment followed—and was apparently a response to—the Supreme Court of Alabama's decision in *Ex parte Shelley*, 53 So. 3d 887, 897 (Ala. 2009), in which the court held that the constitutional immunity granted to sheriffs and deputy sheriffs under section 14 of the Alabama Constitution did not extend to sheriffs' jailers. Prior to its amendment, section 14-6-1 read: "The sheriff has the legal custody and charge of the jail in his county and all prisoners committed thereto, except in cases otherwise provided by law, and may appoint a jailer for whose acts he is civilly responsible."

[3] Similarly, Alabama Code section 36-22-3(b), which the legislature amended along with section 14-6-1, states:

> Any of the duties of the sheriff set out in subsection (a) or as otherwise provided by law may be carried out by deputies, reserve deputies, and persons employed as authorized in Section 14-6-1 as determined appropriate by the sheriff in

### III. CONTENTIONS OF THE PARTIES

**A. Application of Immunity to Incidents Prior to the June 14, 2011 Amendment.**

The parties' primary dispute on appeal is whether the immunity granted by section 14-6-1 applies to a claim filed *after* the statute's effective date, but in which the underlying conduct giving rise to the claim occurred *before* the statute's effective date. The appellants assert that because sheriffs' immunity under section 14 of the Alabama Constitution is an issue of subject matter jurisdiction, and because section 14-6-1 now provides that jailers "shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901," section 14-6-1 immunity is also an issue of subject matter jurisdiction. The Alabama Legislature has the authority to limit subject matter jurisdiction within various state entities, and when the amendment to section 14-6-1 became effective on June 14, 2011, Alabama courts were stripped of their jurisdiction to entertain claims against jailers, regardless of when the conduct at issue occurred. *See Ala. Dep't of Corr. v. Montgomery Cnty. Comm'n*,

---

accordance with state law. Persons undertaking such duties for and under the direction and supervision of the sheriff shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law.

Although the language of and the immunity afforded by each statute are identical, only section 14-6-1 is at issue in this case.

11 So. 3d 189, 192 (Ala. 2008) (per curiam) (explaining that section 14 of the Alabama Constitution removes subject matter jurisdiction for actions against the state and that "[a]ny action taken by a court without subject-matter jurisdiction—other than dismissing the action—is void").  As such, the issue on appeal does not concern the retroactivity of the statute, but simply concerns the prospective divestment of subject matter jurisdiction from Alabama state courts.

Johnson, on the other hand, maintains that nothing in the language of section 14-6-1 makes the statute retroactively applicable.  In fact, the statute's silence is dispositive here: under Alabama law, "retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively." *Ex parte Bonner*, 676 So. 2d 925, 926 (Ala. 1995) (internal quotation marks omitted).  Because there is a presumption against retroactivity and the statute is silent on the matter, the 2011 amendment operates prospectively, and immunity is inapplicable in this case.  Further, in the only Alabama Supreme Court case to reference the 2011 amendment, where the court examined whether immunity shielded a deputy sheriff from liability for conduct occurring before the effective date of the

7

amendments, the court tersely wrote that "[t]he 2011 amendments are not applicable in this case." *Ex parte Burnell*, 90 So. 3d 708, 714 n.2 (Ala. 2012).[4]

Johnson also disputes the appellants' argument that the date of filing should be operative in this case; rather, "substantive legal interests spring from the law in effect at the time such interests are alleged to have arisen or to have been violated." *Ala. Power Co. v. Dir. of Indus. Relations*, 54 So. 2d 786, 788 (Ala. Ct. App. 1951). Therefore, and because nothing indicates that the Alabama legislature intended section 14-6-1 to apply retroactively, the district court correctly denied immunity to the appellants in this matter.

**B. Whether the Appellants' Conduct Was "In Compliance with the Law" for Purposes of Section 14-6-1 Immunity.[5]**

The parties next dispute the scope of section 14-6-1's requirement that, to enjoy immunity, a jailer must have been acting in compliance with the law at the time of his or her conduct. The appellants interpret "in compliance with the law"

---

[4] Although the district court in this case expressly relied on it, *Burnell* is inapposite because *both* the conduct at issue and the filing of the suit occurred before the 2011 amendment. *See* 90 So. 3d at 709. Here, Johnson filed suit *after* the 2011 amendment, and the appellants argue that the amendment stripped Alabama courts of subject matter jurisdiction over cases filed after June 14, 2011. Further, *Burnell* dealt with sheriffs' and deputy sheriffs' immunity under section 14 of the Alabama Constitution; there was no argument that jailers' immunity under section 14-6-1 should apply, and therefore the case did not implicate the 2011 amendment to section 14-6-1. *See id.* at 714 n.2.

[5] We are aware that the Supreme Court of Alabama recently declined to decide this question when it was certified from the United States District Court for the Southern District of Alabama. *See Sawyer v. Collins*, No. 1120301, 2013 WL 2278608, at *1 (Ala. May 24, 2013). The circumstances of this case, however, may be different. Here, we have the additional question of whether the amendment to section 14-6-1 applies to a claim filed after the effective date where the conduct occurred before the effective date.

to preclude immunity only where a defendant is acting in violation of the criminal code at the time of the conduct giving rise to the lawsuit. Any contrary interpretation would render the statute meaningless, because if "in compliance with the law" encompasses all tort or statutory duties, then it in fact confers no immunity at all—in any case where liability were present, immunity would not apply. "It is presumed that the legislature does not enact meaningless, vain or futile statutes." *Ex parte Watley*, 708 So. 2d 890, 892 (Ala. 1997) (per curiam) (alteration and internal quotation marks omitted). As such, the "in compliance with the law" requirement must be limited to preclude immunity only where a defendant violates the criminal law at the time of the conduct giving rise to liability.

Johnson counters that Alabama Code section 14-6-19 requires that jailers provide "necessary medicines and medical attention to those who are sick or injured." Ala. Code § 14-6-19 (2013). Therefore, when the appellants in this case engaged in the conduct giving rise to liability, they were not acting "in compliance with the law." *See* Ala. Code. § 14-6-1. There is no evidence that the Alabama legislature intended to limit the exception to violations of the criminal law; if it had so intended, the legislature would have written the statute that way.

## IV. CERTIFICATION

Because this appeal depends on questions of unsettled Alabama law, and because we believe "substantial doubt exists about the answer to a material state law question upon which the case turns," *Forgione*, 93 F.3d at 761, we certify the following questions to the Supreme Court of Alabama:

> (1)    WHETHER THE IMMUNITY GRANTED TO SHERIFFS' JAILERS PURSUANT TO ALABAMA CODE SECTION 14-6-1 APPLIES WHERE THE CONDUCT AT ISSUE OCCURRED BEFORE SECTION 14-6-1'S EFFECTIVE DATE, BUT THE COMPLAINT WAS FILED AFTER THE STATUTE TOOK EFFECT.
>
> (2)    WHETHER ALABAMA CODE SECTION 14-6-1'S REQUIREMENT THAT JAILERS ACT "IN COMPLIANCE WITH THE LAW" IN ORDER TO RECEIVE IMMUNITY IS INTENDED TO ENCOMPASS ONLY VIOLATIONS OF THE CRIMINAL CODE OR ALL VIOLATIONS OF ALABAMA LAW.

"The phrasing used in these certified questions is not intended to restrict the Supreme Court's consideration of the problems posed by this case. This extends to the Supreme Court's restatement of the issues and the manner in which the answers are given." *Morales v. Zenith Ins. Co.*, 714 F.3d 1220, 1234 (11th Cir. 2013).  In order to assist the Supreme Court with its consideration of the case, the entire record, along with the parties' briefs, shall be transmitted to the Supreme Court of Alabama.

**QUESTIONS CERTIFIED**.