[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15228

_____

D.C. Docket No. 2:12-cv-00392-WHA-SRW

SHERRIE JOHNSON,
as administratrix of the Estate of Alquwon Johnson deceased,

Plaintiff - Appellee,

versus

RYAN CONNER,
SONYA MAYO,
GEORGE PARHAM, Captain,

Defendants - Appellants,

BARBOUR COUNTY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 13, 2014)

Before CARNES, Chief Judge, WILSON, Circuit Judge, and HUCK,[*] District Judge.

HUCK, District Judge:

We are called upon to determine whether a recently amended Alabama statute granting sovereign immunity to jailers, which is silent on retroactivity, applies retroactively or only prospectively. Ala. Code § 14-6-1.[1] For the reasons discussed below, we find that the traditional presumption against retroactivity applies here. Therefore, the new grant of immunity does not shield the jailers, Appellants in this case, from liability for their alleged pre-amendment acts. Because we do not apply the statute retroactively, we do not reach the issue of whether the jailers would have been within the statute's grant of immunity.

## I.    FACTS

This case arises from an inmate's suicide. Appellee, Sherrie Johnson, alleges that her son, Alquwon Johnson, an inmate at Barbour County Jail, suffered from a documented history of mental illness, and had been prescribed psychoactive medication to treat depression. She alleges that Appellants, Ryan Conner, Sonya Mayo, and George Parham, who were corrections personnel at the jail, were

---

[*] Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

[1]    Federal courts have twice certified questions about amended § 14-6-1's applicability to the Alabama Supreme Court, and the Alabama Supreme Court has twice declined to rule. *Johnson v. Conner*, No. 1121178 (Ala. Oct. 31, 2013); *Sawyer v. Collins*, 129 So. 3d 1004, 1004 (Ala. 2013).

2

responsible for administering Mr. Johnson's medication daily, and failed to do so. She also alleges that Mr. Johnson previously attempted to commit suicide with a bed sheet while incarcerated, and Appellants failed to take appropriate precautions with Mr. Johnson following that suicide attempt. Mr. Johnson committed suicide by hanging himself with a bed sheet on June 4, 2011. Ms. Johnson, as her son's personal representative, brought suit on August 8, 2011 under 42 U.S.C. § 1983 and state law. Appellants filed a motion to dismiss, claiming, *inter alia*, state law immunity under the recently amended Alabama Code § 14-6-1, which came into effect on June 14, 2011—ten days after Mr. Johnson's suicide, but before Ms. Johnson filed suit.

The district court denied Appellants' Motion to Dismiss, finding amended § 14-6-1 inapplicable. The case reaches us on interlocutory appeal. For the reasons set forth below, we AFFIRM.

## II.    ANALYSIS

The State of Alabama is immune from suit, and that sovereign immunity extends to Alabama sheriffs and their deputies "when [they are] executing their law enforcement duties." *McMillan v. Monroe Cnty., Ala.*, 520 U.S. 781, 793 (1997); Ala. Const. Art. I, § 14; *Ex parte Haralson*, 853 So. 2d 928, 932 (Ala. 2003). Until recently, however, immunity did not extend to jailers, such as the Appellants here. Addressing jailer immunity for the first time, the Alabama

3

Supreme Court held that sovereign immunity did not extend to jailers. *Ex parte Shelley*, 53 So. 3d 887, 896 (Ala. 2009). In response, the Legislature enacted the Jailer Liability Protection Act, which came into effect on June 14, 2011. The Act provides:

> The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.

Ala. Code § 14-6-1. Appellants argue that they are immune from suit under amended § 14-6-1 because they claim they were "acting within the line and scope of their duties and . . . in compliance with the law." § 14-6-1. Because the amended § 14-6-1 became effective after the acts of which Ms. Johnson complains, Appellants can only claim immunity if the amendment applies retroactively, or if we determine that we must apply the statute in effect when suit was filed rather than when the injury occurred. We hold that amended § 14-6-1 does not apply retroactively, and that we must apply the statute in effect when the injury occurred. Therefore, we need not and do not address whether Appellants were "acting within

4

the line and scope of their duties and . . . in compliance with the law."  Each issue is addressed in turn.

## A.    Amended § 14-6-1 Cannot Be Applied Retroactively

Under Alabama law, "Retrospective application of an act is disfavored unless 1) the act expressly states that it is to be applied retrospectively; 2) the Legislature clearly intended the act to have retrospective application; or 3) the act is of a remedial [as opposed to substantive] nature."  *Ex parte East Ala. Health Care Auth.*, 814 So. 2d 260, 262 (Ala. 2001); *Baker v. Baxley*, 348 So. 2d 468, 471 (Ala. 1977).[2]  Section 14-6-1 is silent on retroactivity, and Appellants do not argue that the statute is remedial in nature—indeed, it affects the substantive rights of the parties to sue or be sued.  *Kruse v. Corizon*, No. 12-0212-WS-B, 2013 WL 3366040, at *17 (S.D. Ala. July 5, 2013) ("[I]t is difficult to imagine how a statute creating new immunity from suit could possibly be viewed as remedial and not substantive. . . . A statute creating a new immunity creates a new vested right in the jailers and simultaneously destroys the plaintiff's vested right in his cause of action against the jailers.  This is precisely the sort of legal change that cannot apply

---

[2]    In *Landgraf v. USI Film Products*, the Supreme Court pronounced a similar test for statutes that are not expressly retroactive: "the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.  If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." 511 U.S. 244, 280 (1994).

5

retroactively without express or obvious legislative approval."). Appellants argue, instead, that we should infer legislative intent to apply the statute retroactively for two reasons. First, they argue that amended § 14-6-1 is a jurisdiction-stripping statute, and that by use of the word "shall" (jail personnel "*shall* be entitled to the same immunities and protections granted to the Sheriff . . . "), the Legislature evidenced its intent for the amendment to apply immediately, including to previously existing causes of action. Second, Appellants argue that the Legislature's amendment of § 14-6-1 in reaction to the *Ex Parte Shelley* decision, which held that sovereign immunity did not extend to jailers, demonstrates that the Legislature disagreed with *Shelley*, and thus intended, "immediately, upon enactment, [to] strip courts of subject-matter jurisdiction over tort claims against sheriffs' jail personnel." We find that neither of these observations evidences legislative intent for amended § 14-6-1 to apply retroactively.

The fact that amended § 14-6-1 may be considered a jurisdiction-stripping statute does not displace the presumption against retroactivity. There does not appear to be an Alabama decision, one way or the other, concerning whether jurisdiction-stripping statutes should be treated differently than other statutes. However, United States Supreme Court decisions are quite informative on this point, clearly indicating that statutes that affect substantive, vested rights—even when framed in jurisdictional terms—are still presumed to apply only

6

prospectively.  In *Landgraf v. USI Film Products*, the Court said, "a new jurisdictional rule usually 'takes away no vested right, but simply changes the tribunal that is to hear the case.'  Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'"  511 U.S. 244, 274 (1994).  The Court later expanded on this rule, explaining,

> Statutes merely addressing *which* court shall have jurisdiction to entertain a particular cause of action can fairly be said merely to regulate the secondary conduct of litigation and not the underlying primary conduct of the parties.  Such statutes affect only *where* a suit may be brought, not *whether* it may be brought at all.

*Hughes Aircraft Co. v. U.S. ex rel Schumer*, 520 U.S. 939, 951 (1997) (emphasis in original).  The Court went on to note that a statute that "does not merely allocate jurisdiction among forums," but "*creates* jurisdiction where none previously existed . . . speaks not just to the power of a particular court but to the substantive rights of the parties as well.  Such a statute, even though phrased in 'jurisdictional' terms, is as much subject to our presumption against retroactivity as any other." *Id.* (emphasis in original).  Here, we consider a statute that does not allocate jurisdiction among forums—it removes the right to bring suit against jailers in *any* forum.  Thus, amended § 14-6-1 speaks to the substantive rights of the parties, and, if we applied the federal framework laid out in *Landgraf* and *Hughes Aircraft*, it would be presumed to apply only prospectively.  This is consistent with Alabama

7

law, under which the presumption against retroactivity applies to substantive statutes—"those that create, enlarge, diminish, or destroy vested rights . . . [and] define[] and regulate[] the rights, duties, and powers of the parties. *Ala. Ins. Guar. Ass'n v. Mercy Med. Ass'n*, 120 So. 3d 1063, 1068 (Ala. 2013); *Ex Parte Bonner*, 676 So. 2d 925, 926 (Ala. 1995).

Nor does the legislature's use of the word "shall" in amended § 14-6-1 impact the retroactivity analysis. The word "shall" simply means "has a duty to" or "is required to . . . this is the mandatory sense that drafters typically intend and that courts typically uphold." Black's Law Dictionary 1407 (Eighth Ed. 2004). It has nothing to do with retroactivity.

That the Legislature amended § 14-6-1 in response to *Shelley* likewise does not evidence any intent for the amendment to apply retroactively. Certainly, the amendment evidences the Legislature's displeasure with *Shelley*. But retroactive application of the amendment would take away Appellee's substantive, vested right to sue in violation of Alabama's Constitution. Alabama's Constitution provides "that every person, for an injury done to him . . . shall have a remedy by due process of law." Ala. Const. § 13.

> That means that when a duty has been breached producing a legal claim for damages, such claimant cannot be denied the benefit of his claim for the absence of a remedy. But this provision does not undertake to preserve existing duties against legislative change made before the breach occurs. . . . Undoubtedly the right to the

8

> remedy must remain and cannot be curtailed after the injury has occurred and right of action vested, regardless of the source of the duty which was breached, provided it remained in existence when the breach occurred.

*Pickett v. Matthews*, 192 So. 261, 263-264 (Ala. 1939) (citing 16 Corpus Juris Secundum, Constitutional Law, p. 1499, § 710).  In other words, a litigant has "a vested interest in a particular cause of action" once the injury occurs.  *Reed v. Brunson*, 527 So. 2d 102, 114 (Ala. 1988).  Section 13 of Alabama's Constitution protects litigants from legislative change made after the breach of duty occurs.  *Id.*; *Baugher v. Beaver Constr. Co.*, 791 So. 2d 932, 934 (Ala. 2000); *Kruszewski v. Liberty Mut. Ins. Co.*, 653 So. 2d 935, 937 (Ala. 1995).  We will not read amended § 14-6-1 to deprive Appellee of her vested, substantive right absent a showing of clear, obvious legislative intent.  *See Baker*, 348 So. 2d at 471.  Nothing Appellants have presented comes close.[3]

---

[3]    The Alabama Supreme Court has only once addressed the applicability of § 14-6-1 since its amendment.  *Ex Parte Burnell*, 90 So. 3d 708 (Ala. 2012).  The court held, based on Alabama case law, that a deputy sheriff was entitled to immunity because he was acting as the sheriff's alter ego, and that the deputy sheriff's dual role as the warden for the county jail did not deprive him of that immunity.  *Id.* at 715.  In a footnote, the court noted the 2011 amendments to § 14-6-1, but stated, without explanation, that the 2011 amendments were not applicable.  *Id.* at 714 n.2.  The district court in this case, and the court in *Kruse v. Byrne*, No. CA 11-00513-KD-C, 2012 WL 5469801 (S.D. Ala. Oct. 19, 2012), both read that footnote to mean that "the recently-enacted immunity amendments do not apply to conduct which occurred before their effective date."  *Johnson v. Conner*, No. 2:12-cv-392-WHA, 2012 WL 3962012, at *6 (M.D. Ala. Sept. 10, 2012); *Kruse v. Byrne*, 2012 WL 5469801, at *12.

While we agree with the outcomes in those two cases, we also believe the district court in this case and the *Kruse v. Byrne* court ascribe too much to the dicta in *Burnell*'s footnote.  While the Alabama Supreme Court could have meant that amended § 14-6-1 only applies prospectively, it seems equally likely that the court meant it did not apply because the actor in *Burnell* was a

(cont'd on next page)

### B.    The Law at the Time of the Injury Applies

Alternatively, Appellants argue that "the operative date should be the date of filing [of suit] rather than the date of the incident giving rise to Plaintiff's claims." Without citing any law on point, Appellants attempt to create a distinction between "immunity from suit" and "immunity from liability," arguing, "Clearly, without the existence of a lawsuit based upon Alabama tort law, a need for such an immunity simply does not exist."  We find no Alabama law suggesting that such a distinction would have any effect on which law applies.  Therefore, as stated above, we apply the law at the time of Appellee's injury, and hold that Appellants cannot claim immunity under the amended § 14-6-1.

## III.    CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Appellants' motion to dismiss with instructions that the district court proceed in a manner consistent with this opinion.

**AFFIRMED.**

---

deputy sheriff—not merely a jailer.  Therefore, we do not rest our retroactivity determination today on the dicta in *Burnell*, but rather on the substantive, vested nature of the right at issue in this case and the absence of any indication that the Legislature intended amended § 14-6-1 to apply retroactively.