[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14181
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00407-VEH


RONNIE GUY YOUNG,

Plaintiff - Appellee,

versus

KIMBERLY MYHRER,
RONALD HIGGINS,
TIMOTHY LAATSCH,
SHANNA YOUNG,
MATTHEW JOINER,
DAVID MITCHELL,
SHANE MILLS,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 2, 2016)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

In March of 2012, Ronnie Guy Young was injured during a fight with another inmate at the Shelby County Jail in Alabama.  Seeking money damages for his injuries, Mr. Young sued several corrections officers from the Shelby County Sheriff's Office in their individual capacities for violations of federal and state law. He brought claims under 42 U.S.C. §§ 1983 and 1985, alleging violations of the Fifth, Eighth, and Fourteenth Amendments.  He also brought state law claims of negligence, wantonness, and intentional infliction of emotional distress.  The district court granted summary judgment in favor of the defendants on Mr. Young's federal claims.  But it denied summary judgment on Mr. Young's state law claims because in its view the defendants were not entitled to a state sovereign immunity defense under Article I, § 14 of the Alabama Constitution.

Relying on the Alabama Supreme Court's decision in *Ex parte Shelley*, 53 So. 3d 887 (Ala. 2009), the district court concluded that the corrections officers were not entitled to a state sovereign immunity defense because only sheriffs or deputy sheriffs—and not jailers—receive immunity under the Alabama Constitution.  In this interlocutory appeal, the defendants contend that the district court erred because it failed to consider the impact of the Jailer Liability Protection Act, No. 2011-685, which was passed by the Alabama Legislature in response to

2

*Ex parte Shelley* to expand the scope of Alabama's sovereign immunity protection. After careful review of the record and briefs, we reverse and remand to the district court with directions.

## I

"District court denials of state sovereign immunity under Alabama law are immediately appealable to this Court." *LeFrere v. Quezada,* 582 F.3d 1260, 1263 (11th Cir. 2009). Sovereign immunity is a question of law that we review de novo. *See Tinney v. Shores,* 77 F.3d 378, 383 (11th Cir. 1996) (per curiam).

## II

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Under Article I, § 14 of the Alabama Constitution, the State of Alabama is immune from suit, and that sovereign immunity extends to Alabama sheriffs "when they are executing their law enforcement duties." *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 793 (1997). In *Hereford v. Jefferson County*, 586 So.2d 209 (Ala. 1991), the Alabama Supreme Court held that deputy sheriffs are immune from suit to the same extent as sheriffs because "the deputy sheriff is the alter ego of the sheriff." *Id.* at 210. But in *Ex parte Shelley*, 53 So. 3d 887 (Ala. 2009), the Alabama Supreme Court refused to extend the scope of state sovereign immunity further. There, the Alabama Supreme Court explained that the jailers working for

3

a sheriff's office "cannot properly be viewed in legal contemplation as an extension of the sheriff or as one officer with the sheriff." *Id.* at 898 (internal quotation marks omitted). Under the Alabama Constitution, therefore, jailers (unlike sheriffs and deputy sheriffs) are not entitled to immunity from suits against them in their individual capacities for money damages. *See id.*

In June of 2011, shortly after the *Ex parte Shelley* decision was issued, the Alabama Legislature enacted the Jailer Liability Protection Act, No. 2011-685, which amended Ala. Code §§ 14–6–1 & 36–22–3 to provide immunity for jail personnel. As amended, § 14–6–1 now provides:

> The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.

Ala. Code § 14–6–1. In turn, § 36–22–3 describes the duties of a sheriff. In subsection (b), it now provides:

> Any of the duties of the sheriff set out in subsection (a) or as otherwise provided by law may be carried out by deputies, reserve deputies, and persons employed as authorized in Section 14–6–1 as determined appropriate

4

by the sheriff in accordance with state law. Persons undertaking such duties for and under the direction and supervision of the sheriff shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws of the Constitution of Alabama of 1901, as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law.

Ala Code. § 36–22–3(b).

These statutes, as amended, both state that individuals employed by the sheriff and acting under his direction and supervision (including those operating the jail) "shall be entitled to the same immunities and legal protections granted to the sheriff." According to the individual defendants (who are all Shelby County Sheriff's Office employees), the district court's reliance on *Ex parte Shelley* was misplaced because the subsequently-enacted Jailer Liability Protection Act cloaks them with the same immunity afforded to Alabama sheriffs under the Alabama Constitution. Mr. Young responds that these statutes give jailers only qualified immunity, and not the absolute immunity given to sheriffs and deputy sheriffs under the Alabama Constitution.

We agree that the district court should have addressed the impact of the 2011 Act. But on this record, we are unable to say whether the defendants are entitled to absolute immunity.

The first requirement for immunity under the Jailer Protection Liability Act—that the jailers were acting within the line and scope of their duties—is the

5

same requirement for a sheriff to receive immunity under the Alabama Constitution. *See Ex parte Purvis*, 689 So.2d 794, 795 (Ala. 1996). But, as noted by a federal district court in *Sawyer v. Collins*, No. 2:12-0020-KD, 2012 WL 6052000 (S.D. Ala. Dec. 5, 2012), "there does not appear to be any requirement under Alabama law that requires a sheriff to act 'in compliance with the law' in order to receive immunity." *Id.* at *1.

Following our practice of interpreting words in statutes in a manner that gives them meaning, we think the phrase "acting in compliance with the law" imposes some additional requirement for immunity beyond the mere showing that jailers were acting within the scope of their employment. The problem is that we are not sure what the phrase means. Does the word "law" include both criminal and civil laws? Does it encompass the internal regulations propounded by the sheriff to govern the jailers' behavior and the exercise of their discretion?

In *Sawyer*, the district court for the Southern District of Alabama certified the following question to the Alabama Supreme Court:

> Alabama Code § 14–6–1 provides that persons, such as jail employees, who act or undertake duties at the direction and supervision of the sheriff are immune from state law claims to the same extent as the Sheriff "as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law." How should this court interpret "acting in compliance with the law" in order to not render the grant of immunity meaningless or the phrase superfluous? Specifically,

what is the "law" encompassed by the requirement that a jail employee act in compliance with the law?

*Id.* at \*2.  The Alabama Supreme Court declined to answer the certified question, leaving the meaning of the phrase "acting in compliance with the law" unclear. *See Sawyer v. Collins*, 129 So. 3d 1004 (Ala. 2013).[1]

In *Johnson v. Conner*, 720 F.3d 1311 (11th Cir. 2013), we also certified a question to the Alabama Supreme Court, asking "whether Alabama Code Section 14–6–1's requirement that jailers act 'in compliance with the law' in order to receive immunity is intended to encompass only violations of the criminal code or all violations of Alabama law."  *Id.* at 1316.  The Alabama Supreme Court declined to answer this question too, and we have found no cases where Alabama courts have interpreted the statute or shed light on the phrase's meaning.

Although we know that immunity is granted only to jailers who act in compliance with the law (putting aside for a moment the ambiguous scope of the

---

[1] Dissenting from the Alabama Supreme Court's decision to decline to answer the certified question, Justice Shaw (joined by Justice Bolin) stated:

> It seems axiomatic that both criminal statutes and civil statutes, as well as constitutional precepts, are "the law" for purposes of § 14–6–1.  It is apparent that the district court seeks to know whether, as Sawyer suggests, policies and procedures for handling sick inmates propounded by the sheriff are, for the purposes of § 14–6–1, the "law" that must be followed by jailers acting for and under the direction and supervision of the sheriff.  The answer to that query has not been decided by an Alabama court, and it is clearly an issue an Alabama court should be the first to decide.

*Sawyer*, 129 So. 3d at 1006.

phrase), another wrinkle is that we do not know who bears the burden, under the Jailer Protection Liability Act, of proving or disproving the jailers' compliance with the law. Does the burden lie with Mr. Young to demonstrate the negative (that the defendants were not acting in compliance with the law) or must the defendants demonstrate the affirmative (that they were)? According to Mr. Young, the statutes in question place the burden on the defendants to show that they were acting in compliance with the law, and defendants failed to make that affirmative showing. *See Kruse v. Corizon, Inc.*, No. 12-0212-WS-B, 2013 WL 3366040, *18 (S.D. Ala. July 5, 2013) (explaining that defendants, who were corrections officers, failed to show they were "acting in compliance with the law," as the Jailer Liability Protection Act demands, and they failed to articulate a burden-shifting argument and thus left the burden on themselves).

On appeal, the defendants contend that the situation here should be analogized to the burden-shifting approach used by Alabama courts when a party raises the defense of state-agent immunity, *see, e.g.*, *Ex parte Estate of Reynolds*, 946 So.2d 450, 452 (Ala. 2006), or the burden-shifting analysis federal courts use in the qualified immunity context, *see, e.g.*, *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009). Their burden, they say, is limited to establishing that they were performing a function that would entitle them to immunity, and then the burden shifts to the plaintiff to prove that they were not acting in compliance with the law.

8

But they did not make any burden-shifting arguments to the district court, and we decline to address them for the first time on appeal.

To recap, although the defendants raised the Jailer Liability Protection Act in their motion for summary judgment, the district court addressed only the immunity afforded to sheriffs in the Alabama Constitution, and failed to consider the broader immunity granted by the Alabama legislature in §§ 14–6–1 & 36–22–3(b). This was error. Because the defendants' entitlement to sovereign immunity under the Jailer Protection Liability Act was not discussed by the district court, we think it best to allow the district court to address it in the first instance on remand. *Cf. Hart v. Hodges*, 587 F.3d 1288, 1300 (11th Cir. 2009) (remanding issue of qualified immunity to the district court for determination); *Strength v. Hubert*, 854 F.2d 421, 426 (11th Cir. 1988) (same).

## III

Because the Alabama Legislature extended the scope of state sovereign immunity by passing the Jailer Liability Protection Act in 2011, the district court erred in relying only on the Alabama Supreme Court's prior decision in *Ex parte Shelley* to define the limits of sovereign immunity protection under Alabama law. On remand, the district court should decide whether the individual defendants are entitled to summary judgment on state sovereign immunity grounds under Ala. Code §§ 14–6–1 & 36–22–3(b). It should specifically consider whether the

9

defendants acted in compliance with the law as the amended statutes require, and in so doing will have to address who has the burden on that issue.[2]

The denial of summary judgment to the individual defendants is reversed, and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[2] We express no view on these matters.

10